[Crim. No. 847.  First Appellate District, Division One.—October 31, 1919.]

THE PEOPLE, Respondent, v. FRANK MARTIN, Appellant.

[1]  CRIMINAL LAW—ROBBERY—GIST OF OFFENSE—INSTRUCTIONS.—In a prosecution for the crime of robbery, the giving of an instruction containing a definition of the crime constitutes a sufficient explanation of the gist of the offense.

[2]  ID.—FAILURE TO REQUEST INSTRUCTIONS.—The failure of the court to instruct the jury upon any proposition deemed essential by the defendant is not to be regarded as error, unless he made a request for such instruction.

[3]  ID.—RIGHT TO WAIVE OPENING ARGUMENT—REFUSAL OF PRIVILEGE OF CLOSING.—A district attorney has the right to waive an opening argument in a criminal case; and where he does so, the court does not commit error in denying the defendant the privilege of closing the case.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial. George H. Cabaniss, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. K. Ross for Appellant.

U. S. Webb, Attorney-General, John H. Riordan, Deputy Attorney-General, and R. L. Chamberlain for Respondent.

WASTE, P. J.—The defendant was convicted and sentenced to the state prison for the crime of robbery. This appeal is from the judgment and order denying a new trial.

[1] Appellant's first contention is that the court misdirected the jury. He complains that there is no explanation in the charge of the gist of the offense. The definition of the crime of robbery was given to the jury in one of the instructions of the court. That was sufficient. [2] Furthermore, the failure of the trial court to instruct the jury upon any proposition deemed essential by the defendant is not to be regarded as error, unless he made a request for such instruction. (*People* v. *Fice,* 97 Cal. 460, [32 Pac. 531]; *People* v. *White,* 5 Cal. App. 329–335, [90 Pac. 471].)

As to the other alleged omissions to instruct: The charge is remarkably short, but the law of the case was correctly and, we think, sufficiently stated by the trial court in its instructions to the jury. If counsel for the defendant deemed it essential that the jury should be specifically instructed upon any particular phase of the case, it was his privilege, and duty, to request such instruction. In the absence of such request, the charge to the jury is not open to attack on the ground that it failed to specifically cover a particular point in the case, which counsel for the defendant deemed pertinent and material to the question of the defendant's guilt or innocence. (*People* v. *Stirgios,* 23 Cal. App. 49, [136 Pac. 957]. See, also, *People* v. *Rogers,* 163 Cal. 476, [126 Pac. 143]; *People* v. *Wong Chow,* 2 Cal. Unrep. 382, [4 Pac. 763].)

There is nothing in the appellant's next contention that there is not sufficient evidence to warrant the conviction. The testimony of the complaining witness and of the arresting officer amply supports the verdict.

There is no merit in the contention of appellant that certain remarks of the trial court worked an injury to the defendant. The alleged improper language of the court was made after the jury had returned its verdict and had been discharged.

[3] The third and last point made by appellant is that the court erred in refusing to compel the district attorney to make an opening argument, in order that appellant might "reply," and also erred in denying appellant the privilege of "closing the case." An examination of the record shows that at the conclusion of taking of the testimony, the district attorney announced his willingness to waive argument. Thereupon, defendant's counsel demanded the right "to close the case," with the apparent intention of making the only argument in the matter. Upon this application being denied, defendant submitted the case. As we read the entire record relative to this episode in the trial, we see nothing more than an expressed willingness on the part of the district attorney to submit the case to the jury without argument, and an attempt on the part of the defendant to force the district attorney into making an opening argument, on penalty of having the trial court refuse him the right to reply after defendant's counsel had argued. We do not understand that the court denied defendant the right to make his usual argument, with the customary privilege of the district attorney to reply, in case he so desired. We find nothing in section 1093, subdivision 5, of the Penal Code, to prevent a district attorney from waiving an opening argument in a criminal case. The section, however, does give him the right to close. Furthermore, the trial court may, in the exercise of its discretion, depart from the order of trial prescribed in that section. (Pen. Code, sec. 1094.) The early cases cited by the appellant in support of his contention in this regard have no bearing upon the section of the code, as it now stands.

The judgment and order are affirmed.

Kerrigan, J., and Richards, J., concurred.