[Crim. No. 1185.  First Appellate District, Division Two.—November 5, 1924.]

THE PEOPLE, Respondent, v. LESLEY LAIRD, Appellant.

[1] CRIMINAL LAW—ROBBERY—IDENTIFICATION—EVIDENCE—VERDICT.— In this prosecution for the crime of robbery, the evidence identifying defendant as one of the men who perpetrated the robbery was sufficient to sustain the verdict of guilty.

[2] ID.—OWNERSHIP OF STOLEN PROPERTY—INSTRUCTION IN LANGUAGE OF STATUTE—ABSENCE OF PREJUDICIAL ERROR.—In such prosecution, a given instruction defining robbery in the language of section 211 of the Penal Code which did not contain the statement that the ownership of the property alleged to have been taken must have been in some person other than the accused, was not prejudicial to defendant where no request by the defendant to embody the element lacking was made, and no contention was made that the property taken belonged to defendant or his codefendant.

[3] ID.—VERDICT.—In such action, no disagreement having been expressed by any juror, their verdict became complete, even though there was "no response" after the clerk had read the verdict to the jury and had inquired whether it was their verdict.

———

(1) 34 Cyc., p. 1809.   (2) 17 C. J., p. 66, sec. 3333.   (3) 16 C. J., p. 1098, sec. 2575.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  Louis H. Ward, Judge. Affirmed.

The facts are stated in the opinion of the court.

———

1.  See 22 Cal. Jur. 859.

2.  Taking one's own property, or property believed to be one's own, as robbery, note, 13 Ann. Cas. 775.  See, also, 23 R. C. L. 1161; 22 Cal. Jur. 885.

G. Edward Lyon for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

LANGDON, P. J.—This is an appeal by the defendant, Laird, from a judgment entered upon a verdict of a jury, finding him guilty of the crime of robbery. A motion for a new trial was made and denied. Appellant and Frank Trombly were charged, jointly, in the information with the commission of the crime.

[1] Appellant complains that the evidence identifying him as one of the men who perpetrated the robbery is insufficient to sustain the verdict. On January 25, 1924, the service station of the Standard Oil Company, situated on the corner of Fourth Avenue and California Street, San Francisco, California, was robbed, the agent in charge of the place being "covered" with a revolver by one man while his companion took the money out of the register.

Raymond Roney, the agent in charge of the service station at the time of the robbery, testified that on the evening in question, about 6:30 P. M., he was alone at said station, when a Ford sedan automobile was driven up close to the entrance and so as to block the entrance; that a man got out of the automobile and, pointing a "gun" at Roney, told him not to move; that another man then got out of the sedan and took all the money out of the cash register; that the two men then re-entered the automobile and drove away. This witness positively identified defendant Frank Trombly as the man who pointed the gun at him, and Trombly admitted this upon the witness-stand when he tried to exonerate the present appellant. Roney, however, was unable to identify appellant as the man who took the money from the register, due to the fact that his attention was occupied with the man who held the revolver, and that the men were only in the station a few seconds, and Roney was unable to get a view of the "second man's" face. Said witness stated that appellant corresponded in height, weight, and physique to the man who took the money. He also testified that this "second man" wore a dark blue suit, and that the last two numbers upon the license plate of the Ford

automobile were seven and four, and that those were the only numbers on the license plate which he could see.

The witness Millard, employed at an automobile parking station in San Francisco, testified that from January 15, 1924, to January 30, 1924 (the day of appellant's arrest) he saw appellant every day; that appellant made a practice of parking a Ford sedan, license number 50–174, in the said parking station; that each time the automobile was brought into or taken out of the parking station appellant brought it in or took it out and that the witness had never seen Frank Trombly.

One of the police officers who arrested appellant testified that both defendants were arrested at about 3 o'clock in the morning on January 30th in a hotel on Market Street, San Francisco. When the police officers knocked at the door, Trombly opened it. He had been in bed and the appellant was in bed when the officers entered. When the defendants dressed, appellant put on a dark blue suit. He handed the police officer the key to the Ford sedan in question. A revolver was found in the room in a drawer of the dresser. Another police officer testified to a conversation which he had had with Trombly in which Trombly, upon being questioned about various robberies then being investigated by the police, stated: "Every job that I done in San Francisco, Laird was with me." The appellant admitted that the Ford sedan was in his possession, saying he had rented it in Los Angeles and driven it to San Francisco. Trombly admitted that he had used the Ford sedan in perpetrating the robbery, but insisted that he was unaccompanied, and that he had robbed the service station without aid.

Upon the contention that the identification is insufficient, we must agree with appellant that the identification, standing alone, is far from being conclusive, or even satisfying; but it is coupled with considerable circumstantial evidence heretofore recited. In the case of *People* v. *Woo,* 181 Cal. 315 [184 Pac. 389], it was said: "In passing upon this question we will not attempt to determine the weight of the evidence, but will decide only whether upon the face of the evidence it can be held that sufficient facts could not have been found by the jury to warrant the inference of guilt. (1) For it is the function of the jury in the first instance, and of the

69 Cal. App.—33

trial court after verdict, to determine what facts are established by the evidence, and before the verdict of the jury, which has been approved by the trial court, can be set aside on appeal upon the ground we are discussing it must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below." (See, also, *People* v. *Willard,* 150 Cal. 543, 553 [89 Pac. 124]; *People* v. *Fitzgerald,* 138 Cal. 41 [70 Pac. 1014].)

Appellant lays stress upon the fact that the record contains the direct testimony of Trombly that he was alone at the time he committed the robbery, and that this should exonerate the appellant as against circumstantial evidence and inconclusive identification. But this argument overlooks the fact that Trombly was contradicted by the witness Roney, who stated, positively, that there were two men in the Ford sedan. This witness was disinterested and unimpeached in any way. The jury unquestionably believed him and did not believe Trombly, and under such circumstances Trombly's testimony is without weight in the record.

[2] Objection is made to an instruction given by the trial court, defining robbery in the language of section 211 of the Penal Code. The objection is made because that section, and the instruction given following the same, do not contain the statement that the ownership of the property alleged to have been taken must have been in some person other than the accused.

In the case of *People* v. *Dobbins,* 138 Cal. 694, 698 [72 Pac. 339, 341], it was said: "But nowhere has it been decided, nor, indeed, could it with reason be held, that it is error for the court to instruct in the language of our written law. This is substantially what the court here did, and so, while the instruction cannot be commended as a full or clear exposition of the meaning of the section of the code, still it cannot be said that it was error for the court in giving the law to have conformed to the language of the code, and to have omitted what that code itself omits."

Furthermore, there was no request by the defendant to embody in the instructions the element lacking, and in the absence of such a request, the defendant will not be heard to complain. (*People* v. *Martin,* 44 Cal. App. 45 [185 Pac. 1003].) Also, in the present case, there was no contention

that the property taken belonged to the defendants. No such possibility is presented by the record. Therefore, the failure to cover this point in the instruction was not prejudicial error.   (*People* v. *Kelly*, 146 Cal. 119 [79 Pac. 846].)

[3]   The only remaining point urged is that the verdict of the jury is void because the clerk's transcript fails to show what response was made by the jury when their verdict, as recorded, was read to them.   The transcript discloses that the verdict was read to the jury by the clerk, who inquired whether it was their verdict, and that there was "no response."   This appears to comply with the provisions of the code relied upon by appellant, which read as follows: "When the verdict given is such as the court may receive, the clerk must immediately record it in full upon the minutes, read it to the jury and inquire of them whether it is their verdict."   All this was done, as appears from the transcript.   The section then continues: "If any juror disagree, the fact must be entered upon the minutes and the jury again sent out; but if no disagreement is expressed, the verdict is complete, and the jury must be discharged from the case."   (Pen. Code, sec. 1164.)   In the instant case, evidently, no juror disagreed or the fact would have been entered upon the minutes. No disagreement being expressed, the verdict became complete.

The judgment appealed from is affirmed.

Nourse, J., and Sturtevant, J., concurred.