[Crim. No. 1322.  Second Appellate District, Division One.—September 17, 1926.]

## THE PEOPLE, Respondent, v. J. ROY ADAMS, Appellant.

[1] CRIMINAL LAW—FORGERY—CLAIMS AGAINST COUNTY—PLEADING.— In this prosecution of the chairman of county board of supervisors for forgery in connection with claims against the county, while the indictment could not be commended as an example of good pleading, it was sufficient to enable a person of ordinary understanding to know that the name of the person represented as being a county employee purports to have been signed by said person, and that this name, and not the other names appearing on the demand, warrant, and indorsements, was forged; and such indictment stated but one offense.

[2] ID.—SIGNING OF NAME OF PURPORTED EMPLOYEE — UTTERANCE OF WARRANT.—In such case, the signing by defendant of the name of said purported employee, whether he was a real or fictitious person, and his appearing to have sworn to the demand and affidavit before defendant, and the utterance of the warrant as set forth in the indictment, was sufficient to make out a charge of forgery; and there was no merit in the contention that the demand alleged to have been forged did not subject defendant to a prosecution for forgery in that it was not verified.

[3] ID.—INDORSEMENTS—INTENT—EVIDENCE.—In such prosecution for forgery, the indorsements on the county warrants were pertinent to the charge of uttering a false demand with intent to defraud, and there was no prejudicial error in admitting such indorsements in evidence.

[4] ID. — DEFECTIVE CLAIM — ALLOWANCE AND UTTERANCE BY DEFENDANT—KNOWLEDGE OF FORGERY.—In such prosecution, the trial court did not err in sustaining an objection of the prosecution to the introduction of evidence that the demand did not comply with section 2644 of the Political Code, where it was shown that, notwithstanding the claim was not in the form required by law, defendant allowed the same, knowing the forgery, and uttered it the same as a valid claim.

[5] ID.—ISSUES—INSTRUCTIONS.—In charging a jury the court is required to state to them all matters of law necessary for their information; and, under section 1127 of the Penal Code, the court

2.  Use of fictitious or assumed name as forgery, note, 9 A. L. R. 407.

5.  See 8 Cal. Jur. 307, 321.

is required to refuse to give all requested instructions not pertinent to the issues.

[6] ID.—INSTRUCTIONS IN CODE LANGUAGE.—An instruction in the language of the Penal Code may be ambiguous as an instruction if not pertinent to an issue in the case; and an instruction in the abstract need not always be given, although it is in the language of the Penal Code.

[7] ID.—STATEMENT OF FACT—LACK OF KNOWLEDGE—INSTRUCTIONS.—In such prosecution for forgery, where no witness made an unqualified statement of fact of that which he did not know to be true, defendant's requested instruction in the language of section 125 of the Penal Code would have been confusing and would tend to create an inquiry in the minds of the jury of whom the court believed had so testified, and such instruction was properly refused.

[8] ID.—INSTRUCTIONS — GIVING IN DIFFERENT LANGUAGE. — If a requested instruction correctly states the law applicable to the facts before the jury, and the court refuses to give it as requested, but gives instead an instruction containing all that was material in the requested instruction, in different language, it is not error under the circumstances.

[9] ID.—PLEADING—UNCERTAINTY IN INDICTMENT—DEMURRER—ERROR WITHOUT PREJUDICE.—In this prosecution of the chairman of a county board of supervisors for forgery, although the indictment was uncertain in that, as between the demand and the warrant set forth, the indictment did not show which one of said instruments was forged, or in what particular the instrument was forged, and defendant's demurrer should have been sustained, but where the case was tried upon the theory that the alleged forgery consisted in the false and unauthorized use of the name of the maker of the demand, and defendant had as good an opportunity to defend against these charges as he would have had under any other form of indictment, and he availed himself of that opportunity, although not successfully, the error in overruling defendant's demurrer to the indictment did not result in a miscarriage of justice or warrant a reversal of the judgment of conviction.

---

(1) 26 C. J., p. 956, n. 37 New.    (2) 26 C. J., p. 910, n. 9 New. (3) 17 C. J., p. 317, n. 10; 26 C. J., p. 962, n. 82.    (4) 26 C. J., p. 910, n. 4, p. 962, n. 91 New.    (5) 16 C. J., p. 962, n. 6, p. 963, n. 17, p. 1041, n. 15.    (6) 16 C. J., p. 1041, n. 15.    (7) 16 C. J., p. 1036, n. 65.    (8) 16 C. J., p. 1063, n. 85, p. 1067, n. 97; 26 C. J., p. 866, n. 97.    (9) 17 C. J., p. 285, n. 4, p. 368, n. 5.

8.  See 8 Cal. Jur. 314; 14 R. C. L. 752.

APPEAL from a judgment of the Superior Court of Imperial County and from an order denying a new trial. L. D. Jennings, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edgar B. Hervey, S. P. Williams and Byron C. Hanna for Appellant.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Respondent.

YORK, J.—Appellant was indicted by the grand jury of Imperial County of the crime of forgery with intent to defraud Mrs. J. M. Adair, treasurer of Imperial County, and the county of Imperial.

There were three counts in the indictment, all practically the same. The first count charging forgery of the name of one Roberts, the second the name of one Shubert, and the third the name of one Main. We will first consider the first count, that of forging the name of Roberts. Certain instruments in writing were set forth in this count of the indictment; the first being a demand for $225, against the county of Imperial, for twenty-five days' work for road district number three in the county of Imperial, alleged to have been performed in the month of November, 1924, by Roberts with "one man and Fresno." An affidavit attached to this claim purports to have been signed by Roberts and certified as sworn to before defendant, but without designating his official title. Indorsed upon this claim is an approval of it by the defendant as chairman of the board of supervisors of Imperial County; attested by the clerk of the board, and approved by the county auditor, who thereupon issued a warrant for $225, directed to the county treasurer in favor of said Roberts, upon the back of which was indorsed "Charles Roberts, J. Roy Adams," and the warrant was marked "PAID Dec. 10, 1924, J. M. Adair, County Treasurer."

The second and third counts in the indictment were in the same form excepting as to the amounts stated in the demands and the names of the claimants. The defendant demurred to the indictment on the grounds that no pub-

lic offense was charged, uncertainty as to what instruments were alleged to have been forged, and other grounds which we will consider in reviewing appellant's argument.

[1] The first point discussed by appellant is that each count in the indictment is "duplicitous," and purports to state three separate and distinct offenses. The contention is that the instruments are wholly separate and distinct instruments—the demand, the warrant, and the indorsements on it. It may be conceded that the indorsements on the warrant were separate and distinct from the warrant, and that a charge of forging the warrant does not include the forging of the indorsements. It is contended that it was impossible to ascertain what instrument defendant was accused of forging. We cannot commend the indictment in this case as an example of good pleading, but we hold that it was sufficient to enable a person of ordinary understanding to know that in the first count the name of Roberts purports to have been signed by Roberts, and that this name was forged; otherwise we should have to come to the absurd conclusion that defendant was charged with having forged his own name, as well the other names which were signed on the demand after the presentation of the demands were approved by defendant as chairman of the board of supervisors, and there could have been no object in forging the other names if the claim was a just demand regularly presented. The defendant is not in the position of a party not acquainted with all the officials whose names are signed to the documents. There was no defect or imperfection in the matter of form which tended to the prejudice of a substantial right of this defendant on the merits. This contention is made more clear by a consideration of the charge that the defendant uttered the forged instrument with the intention to defraud, etc. From the foregoing it is plain that no more than one offense was charged in the first count of the indictment.

[2] It is further contended by appellant that the demand alleged to have been forged did not subject defendant to a prosecution for forgery in that it was not verified. This contention cannot be upheld. The oath imports to have been administered by defendant who appears in the approval of the demand as chairman of the board of super-

visors. He certified to it as verified by Roberts and accepted it and approved it as genuine and represented it to the other officers as genuine, and himself indorsed the warrant which was issued upon that demand. For the purposes of this case, the signing of the name of Roberts, whether he was a real or fictitious person, and his appearing to have sworn to it before defendant, and the utterance of the document by defendant in the manner alleged in the indictment, was sufficient to make out a charge of forgery. What we have said with regard to the first count in the indictment applies to the second and third counts.

[3] There was no prejudicial error in admitting in evidence the indorsements on the warrants; they were pertinent to the charge of uttering a false demand with intent to defraud.

[4] The court did not err in sustaining an objection of the prosecution to the introduction of evidence that the demand did not comply with section 2644 of the Political Code. It appears that the claim was not in the form required by law, but the defendant's allowance of the same, knowing the forgery, and the utterance of the same as a valid claim, estopped him from contending that the allegations of the indictment did not constitute forgery, and the irregularity of the making and uttering of the demand does not afford an avenue of escape from the charge in the indictment or the proof of the facts alleged on the trial.

Appellant contends that the court erred in refusing certain of defendant's requested instructions. [5] In charging a jury the court is required to state to them all matters of law necessary for their information. Giving instructions not pertinent to the issues tends to confuse the jury, and the court is required by section 1127 of the Penal Code to refuse to give all requested instructions not pertinent. [6] An instruction in the abstract need not always be given, although it is in the language of the Penal Code. An instruction in the language of the Penal Code may be ambiguous as an instruction if not pertinent to any issue in the case. The object of instructions is not to instruct the jury generally, but specifically as to the issues involved in a given case. General instructions not pertinent to the issues are confusing to a jury and instead of enlightening them tend to confuse them and impede the

administration of justice. **[7]** Thus, one of the defendant's requested instructions was asked in the language of section 125 of the Penal Code and it was refused. Appellant's contention is that the refusal was a fatal error in that a witness (Poore) testified to a fact he did not know to be true. If appellant is correct in his statement of Poore's testimony, he has shown that it was error for the trial court to refuse the instruction. We have reviewed the testimony of Poore and find that he did not state, as claimed by appellant, that he knew of the men working on the road in district number three. What he said was he knew them all except these three men mentioned (Roberts, Shubert, and Main). Our attention has not been called to any other witness who is claimed to have made an unqualified statement of fact of that which he did not know to be true. Hence, it is clear that such an instruction, as applied to this case, would have been confusing and would tend to create an inquiry in the minds of the jury of whom the court believed had so testified. **[8]** If a requested instruction correctly states the law applicable to the facts before the jury, and the court refuses to give it as requested, but gives instead an instruction containing all that was material in the requested instruction, in different language, it is not error under the circumstances. In all the contentions by appellant that the court erred in refusing to give correct instructions, we find that the court's instructions given fully covered those refused, and defendant was not prejudiced. After an examination of all the instructions asked and refused, and the instructions given, we hold that the court committed no error in instructing the jury, wherein the instructions were pertinent to the facts. Appellant has no cause for complaint in the instructions to the jury. They were instructed that if they had a reasonable doubt of the guilt of the defendant they should acquit him, and the court informed the jury what a reasonable doubt is. The court instructed the jury that they should keep in mind the importance to the accused of the result of their deliberations; that the jury were the sole and exclusive judges of the effect and value of the evidence; . . . and of the credibility of the witnesses who had testified in the case—that the burden of proof was upon the prosecutor—that all the presumptions

of law, independent of evidence, are in favor of innocence —that no fact or circumstance could be used by the jury as a basis for any inference of guilt against the defendant, unless such fact or circumstance was proven beyond a reasonable doubt, and that every fact or circumstance in the case which was not proven beyond every reasonable doubt should be wholly dismissed from the consideration of the jury and must not be permitted to influence them to any extent against the defendant. The instructions given by the court were lucid and fair to the defendant, and cautioned the jury not to find the defendant guilty unless they should believe him guilty beyond any reasonable doubt, and the court correctly informed them what a reasonable doubt is. To the utmost fairness to the defendant, and at considerable length, the court admonished the jury not to allow any prejudice to affect their verdict. The instructions were too long to be fully discussed in this opinion, and longer than necessary, and contained abstract instructions which were questionable as pertaining to the facts of this case, but not prejudicial to the defendant. The substantial rights of the defendant were not prejudiced or affected by any technical errors or defects.

[9] Although we have held that the indictment was sufficient to enable a person of ordinary understanding to know certain things from the indictment, yet we do not mean to hold that the indictment was in all respects certain; in fact, we hold that the indictment was uncertain in that as between the demand and the warrant the indictment does not show which one of those two instruments was forged or in what particular the instrument was forged. If the forgery was of the name of the maker, the forged name in the *demand* was the name of Roberts (in the first count). But if the forgery of the *warrant* was the forgery of the name of the maker, it must have been a forgery of the name of the auditor. The demand and the warrant were separate instruments, executed by different persons and at separate times. Therefore, although the demurrer should have been sustained it does not necessarily follow that the judgment should be reversed. The case was tried upon the theory that the alleged forgery consisted in the false and unauthorized use of the names of the makers of the demands, viz., Roberts, Shubert, and

Main. The defendant had as good an opportunity to defend against these charges, as he would have had under any other form of indictment, and he availed himself of that opportunity, although not successfully. For this reason the case comes within the provision of the constitution (art. VI, sec. 4½) which is intended to guard against reversal of any judgment on account of errors in pleadings, unless the errors resulted in a miscarriage of justice. We are of the opinion that it did not result in any such miscarriage of justice.

The judgment and order are affirmed.

Conrey, P. J., and Houser, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 15, 1926.