[L. A. No. 14119.  In Bank.—June 21, 1933.]

In the Matter of the Estate of SABRINA L. B. FARROW,
Deceased.  W. S. ALLEN, Administrator, etc., Appellant, v. DEWITT ADKINS, Administrator, etc., et al.,
Respondents.

Lawrence W. Allen for Appellant.

Charles H. Adkins for Respondents.

THOMPSON, J.—The respondents, heirs of the deceased Sabrina L. B. Farrow, have made a motion to dismiss the appeal herein, on the ground that the same is frivolous, and also on the ground that no order that this court might make could affect the interest of the appellant administrator. On July 15, 1930, the appellant filed a petition in the probate court to have ascertained and declared the rights of all persons to, and their interests in, the estate of the deceased. Subsequently the court made an order requiring notice to be served upon all persons claiming any interest in the estate, in accordance with the provisions of section 1664 of the Code of Civil Procedure. Thereafter the court made its order determining the interests of the respondents in the estate and ordering the appellant to distribute the funds in his possession to the respondents, the final account of appellant having theretofore been filed and approved.

The appellant contends that the petition to determine the interest of heirs having been filed by the administrator and not by one claiming to be an heir, the court should have ordered notice to be given under section 1668 of the Code of Civil Procedure, and not under section 1664 of said code. The appellant further contends that the court should have made a written order establishing proof of the service of such notice, and that it should have entered an order adjudging the default of all persons who did not appear. Since the appeal herein, and on the thirty-first day of January, 1933, the probate court removed the appellant herein as administrator of said estate, and appointed a special administrator for the purpose of making distribution.

It is apparent from the foregoing recitals that the appeal should be dismissed. ■ First, there is no contest between the respondents concerning their proportion of the estate, and appellant has no interest therein; ■ second, we find no provision in section 1668 of the Code of Civil Procedure relating to a petition for a decree determining heirship, that section referring to the petition of an executor or administrator, or any other person interested in the estate, for distribution of the estate of a decedent who is not a resident of this state at the time of his death; ■ third, it does appear from the transcript that the court made an order establishing that due and legal notice had been given, and made

an order in open court adjudging the default of all persons who had not appeared within the time required by section 1664 of the Code of Civil Procedure and the notice given thereunder. Consequently the appeal is without any merit.

The appeal is dismissed.

Seawell, J., Curtis, J., Preston, J., Langdon, J., Shenk, J., and Waste, C. J., concurred.