[Crim. No. 2495.  Second Appellate District, Division One.—May 24, 1934.]

THE PEOPLE, Respondent, v. W. S. ALLEN, Appellant.

Lawrence W. Allen and Matot, Stafford & Linn for Appellant.

U. S. Webb, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

CONREY, P. J.—The evidence produced at the trial of this case, upon which the defendant was convicted of the crime of grand theft, is evidence tending to prove that the crime was committed by embezzlement of trust funds lawfully in possession of the defendant. At the time when, according to the indictment, the crime is charged to have been committed, viz., February 24, 1933, defendant was the administrator of the estate of Sabrina L. B. Farrow, deceased, and had received into his possession money of the estate. The amount of this fund was alleged to be $9,196.72; and if the evidence does not show that the amount with which defendant was thus chargeable at the time was the full sum above stated, at least it does show that the true amount for which he was then chargeable was a sum in excess of $5,000.

Defendant appeals from the judgment of conviction, and from an order denying his motion for a new trial. His first assignment of error as stated in the opening brief is as follows: "The evidence relating to a minute order of the probate court, and the stenographer's report of testimony taken before the probate court and the testimony of the witness, Arthur E. White, as to what took place in certain proceedings in the probate court, and the testimony of Joseph A. Boland regarding an alleged extrajudicial statement or admission of the defendant was highly prejudicial to the defendant, and the court committed grave error in admitting the same into evidence over the objection of the defendant." From the reporter's transcript herein it appears that on January 31, 1933, in the matter of said Farrow estate the court was making an inquiry concerning the funds in the hands of the administrator Allen. Whether this

hearing was upon a citation to the administrator or upon a voluntary and informal appearance is not shown, but from the court's minute order of that date it is apparent that the inquiry was made pursuant to section 521 of the Probate Code, which provides that: ''Whenever a judge of the court has reason to believe from his own knowledge, or from credible information, that any executor or administrator has wasted, embezzled or mismanaged, or is about to waste or embezzle the property of the estate committed to his charge, . . . he must cite such executor or administrator to appear and show cause why his letters should not be revoked, and may suspend his powers until the matter is investigated.'' At the trial in this action it was shown that there was no stenographic reporter present at said hearing of January 31st, and for that reason the court at the trial herein received testimony of the witness White concerning said proceedings of January 31st. According to the testimony of White, he questioned the administrator Allen concerning the amount of money with which he was then chargeable, and Mr. Allen stated that he was chargeable for $9,196.72 less some credits which, he claimed, approximately amounted to $3,000; that in answer to further questioning Allen said that he had the money in his possession; that he did not have it in any bank account, and did not think he had to have it in such an account. Finally, Allen said, ''I have $5,000 in money''; and exhibited to the court a cashier's check in the sum of $5,000 payable to W. S. Allen. White then testified that Allen stated that the cashier's check was money belonging to said estate. ''I asked him whether he would deposit that check in a joint control account—that is, an account in his name as administrator of the estate, controlled jointly by the bonding company which I represented, and he said that he would not.'' In connection with the testimony of the witness White, the court received in evidence a minute order made by the court at said hearing of January 31st, in which the court said: ''Under section 521 of the Probate Code, the powers of the administrator are suspended pending investigation, except that administrator may deposit the funds belonging to said estate in any bank or depository, in a separate account in his name as administrator; if the administrator so deposits said fund and agrees to joint control, with his bondsman, such facts will be evi-

dence that he has not embezzled or mismanaged said estate.''
With reference to that part of the order closing with the
words, ''such facts will be evidence that he has not em-
bezzled or mismanaged said estate'' the district attorney
offered the same, not as proof of the matters set forth
therein, but merely in effect as an alleged accusatory state-
ment, and the court ordered that the jury consider it for that
limited purpose, and for the purpose of further considering
the conduct of the defendant subsequent thereto.

Accusatory statements made in the presence of the
accused person are admissible, only when they are offered
in connection with evidence of statements or conduct of
the accused, tending to give credibility to the accusation.

In the present instance it does not appear that the
contents of the minute order were known to the defendant
at the time of entry thereof, and it must be held that the
objection should have been sustained. But the jury had
heard, by means of other evidence, that the court in said
proceedings of January 31st was questioning the adminis-
trator concerning his conduct as custodian of the funds of
that estate. Assuming, therefore, that the objection to the
use of the minute order as an accusatory statement should
have been sustained, the error was not one which could have
impaired the defendant's right to a fair trial.

The testimony of the witness White covered the matter of
the questions asked, and the replies made by the adminis-
trator, at said hearing of January 31st. The stenographer's
report of the hearing before the court on February 24, 1933,
contains further examination on the same subject, that is
to say, concerning the amount of the fund, and the circum-
stances of its custody by the defendant. The testimony of
the witness Boland related to conversations held by him
with the defendant in September, 1932, and thereafter, as
well as the court proceedings above mentioned.

The objections of the defendant, to the admission of
the testimony of White and of Boland, and to the admission
of the reporter's transcript of the proceedings of February
24th, were properly overruled. The principal specific ob-
jection was that admissions of fact, by defendant, were
being received in evidence when the necessary foundation,
the *corpus delicti*, had not first been established. To this
objection the sufficient reply is that even though the ruling

was erroneous when made, such error became harmless when, in the further course of the trial, the state produced evidence which, separate and apart from any confession of guilt, was in itself evidence that the administrator had misappropriated the funds of the estate. (*People* v. *Barnnovich,* 16 Cal. App. 427, 430 [117 Pac. 572].)

▮ Appellant suggests error in the court's refusal to give certain instructions requested by him. There are twelve of these items, and in the absence of any numbering we will use the page numbers of the clerk's transcript containing said requested instructions. The subject of 27 was covered by the instructions 43 and 49 as given by the court; 28 was without merit; 29 was an instruction stating rules pertaining to a case based upon evidence relating to circumstantial evidence alone. Since the record discloses that the prosecution did not rely upon circumstantial evidence alone or chiefly to obtain the defendant's conviction, it is obvious that the proposed instruction was properly refused. (*People* v. *Gorman,* 31 Cal. App. 762 [161 Pac. 757].)

▮ Defendant's proposed instruction 31 reads as follows: "The court instructs you that it is a legal defense to the charge of grand theft as set out in the information that the property alleged to have been disposed of herein by this defendant was so disposed of openly and avowedly and under a claim of title preferred in good faith, even though such claim is untenable." The refused instructions 32 and 33 were variations upon the same theme. We think that they were not pertinent to the case which under the evidence was to be decided by the jury. Requested instructions not pertinent to the issues should not be given. (Pen. Code, sec. 1127; *People* v. *Adams,* 79 Cal. App. 373, 377 [249 Pac. 536].)

In the progress of the trial it became clearly an undisputed fact that the defendant had received into his possession funds of the estate of which he was administrator; that as the result of an inquiry made by the court relating to the defendant's conduct as administrator, the court by order of February 24, 1933 (reporter's transcript, p. 55), removed defendant as administrator of the Farrow estate, and appointed a special administrator and ordered that defendant deliver to said special administrator the property of

the estate, and the evidence was that defendant did not deliver any of the property to the special administrator. But while the evidence incidentally showed the facts just mentioned, the real ground of complaint on the part of the People, and the real theory of the prosecution was that the defendant, at the time when the court made said inquiry and order, did not have in his possession the said fund of money, but on the contrary had used the same for his own benefit. In relation to this phase of the case the defendant offered a series of explanations culminating in his testimony (which it is plain that the jury did not believe) to the effect that he was held up at night by a highwayman, who took from him an envelope containing the sum of $12,500 in bills, a part of which was the money of the Farrow estate.

The second instruction number 33 requested by defendant was properly refused by the court, because the court did give the instruction concerning reasonable doubt as provided by Penal Code, section 1096. The subject of refused instruction number 34 was very fully covered by other instructions given.

Refused instruction number 35 reads as follows: "Every crime is composed of the act and intent, and if you find that the defendant believed that he had the right to retain custody of the funds and that it was his duty to do so and keep the funds in his hands and under his control as administrator pending his appeal to the Supreme Court, then I instruct you that the intent to steal or embezzle the funds is lacking and you should find the defendant not guilty." This proposed instruction omits the necessary condition that the jury should first find that the defendant actually did keep said funds in his possession. By way of explanation of the reference in the proposed instruction, to defendant's "appeal to the Supreme Court", it may be noted that long prior to January, 1933, the court had made an order determining the interests of the heirs of the estate, and ordered the administrator to distribute the funds in his possession to the persons named in said order, the final account of the administrator having been filed and approved. On June 21, 1933, the Supreme Court dismissed the appeal upon the ground, among others, that there was no contest between the heirs concerning their shares of the estate, and

that the appellant administrator had no interest therein. (*Allen* v. *Adkins et al.,* 218 Cal. 375 [23 Pac. (2d) 34].)

The second refused instruction numbered 35, and refused instructions 36 and 37, were instructions in relation to the effect of the pendency of such appeal upon the authority of the superior court in exercising control over the administrator and the funds in his possession. These instructions were properly refused. It is true as appellant contends, that the perfecting of the appeal stayed further proceedings as to the matters embraced in the order from which the appeal was taken. But the proceedings of the superior court by which the court investigated the conduct of the administrator in relation to his custody of the funds of the estate, and the order which the court made as the result of its investigation were not proceedings upon the order of distribution from which the administrator had appealed. It would be a strange omission in the law's provision for care of estates in probate if the mere taking of an appeal from an order of distribution would enable an unfaithful administrator to successfully dispute the continuing right of the court to protect and preserve the assets of the estate.

Appellant objects to one instruction given to the jury (clerk's transcript, p. 41), because in the course of the instruction where the court used the words "uses and purpose not in the due and lawful execution of the said trust", the court did not give a further instruction explanatory of those words, showing what the court meant by them. With respect to a criticism of this nature, appellant should not be heard to object when he did not ask for such additional instruction. (*People* v. *Martin,* 44 Cal. App. 45 [185 Pac. 1003].)

The two assignments of error amounting to misconduct, in one instance by the district attorney and in the other by the judge of the court, are without sufficient merit to require discussion here.

The judgment is affirmed, and the order denying motion for a new trial is affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 8, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 22, 1934.