[Crim. No. 3279. Second Appellate District, Division Two.—March 21, 1940.]

THE PEOPLE, Respondent, v. GORDON DOLAN et al., Appellants.

Vernon R. Hamilton for Appellants.

Earl Warren, Attorney-General, and L. G. Campbell, Deputy Attorney-General, for Respondent.

McCOMB, J.—From judgments of guilty of robbery in the first degree after trial before a jury defendants appeal. There are also appeals from the orders denying their motions for a new trial.

The essential facts are these:

March 13, 1939, defendants Crawford and Dolan entered the store of Levine Cooperage Company in the city of Los Angeles and at the point of a revolver took from the employees the company's pay roll which consisted of approximately $800. Said defendants then left the premises in an automobile. The gun and automobile used in connection with the robbery were borrowed by defendants Crawford and Dolan from defendant Dittmar, who knew the purposes for which they were to be used. At the time of defendant Dittmar's arrest there was found in his possession some of the money which had been stolen.

Defendants rely for reversal of the judgments upon these propositions:

*First: The trial court committed prejudicial error in receiving in evidence confessions of defendants.*

*Second: The trial court committed prejudicial error, after the jury had deliberated for several hours and had been returned into the courtroom for questioning as to the probability of their reaching a verdict, in making the following statement to them:*

*"Well, this case has taken a long time to try, and we had sickness for three days and were interrupted in the course of the trial. I think if all of you ladies and gentlemen will re-read those instructions of the Court again and apply those instructions to the evidence in this case, there should be no difficulty in arriving at a verdict in this case. So you will be taken to dinner again at this time and returned here for further deliberations this evening. I don't think there should be any difficulty in arriving at a verdict in this case. Discuss it, and analyze the evidence and you will not have any trouble. You may be taken to dinner and returned here this evening, and so ordered."*

Defendant Dittmar relies upon this additional proposition: *There is no substantial evidence to show that defendant Dittmar participated in the robbery.*

█ The first proposition is untenable. There is no merit in defendants' contention that their confessions were obtained by force and coercion. It is true that defendants testified that their confessions were obtained through force and coercion. However, as opposed to this testimony was the testimony of the police officers that the confessions were freely and voluntarily made without promise of immunity or hope of reward. There was thus a conflict of evidence as to whether the confessions had been freely and voluntarily made, the determination of which question lay in the sound discretion of the trial judge; and, being supported by substantial evidence, his finding that the confessions were not obtained by force or coercion is binding upon this court. (*People* v. *Siemsen,* 153 Cal. 387, 394 [95 Pac. 863].)

█ The second proposition is likewise untenable. Defendants' argument that the trial judge coerced the jury into returning a verdict is ludicrous. The statement in the instruction to the jury, "there should be no difficulty in arriving at a verdict in this case", gives no indication of the verdict which the judge believed should be reached or that he was coercing the jury into reaching a verdict. *Cook* v. *Los Angeles Ry. Corp.,* 13 Cal. (2d) 591 [91 Pac. (2d) 118], is factually different from the instant case and therefore inapplicable.

█ Defendant Dittmar's final proposition is wholly devoid of the slightest semblance of merit and should never have been presented to this court. In addition to defendant Ditt-

mar's confession he testified at the preliminary hearing relative to his connection with the crime as follows:

"I told these two boys about this job. I was home at the time it was committed, but I let them use my car and my gun, a .32 automatic, but I wasn't in it, actually.

"Q. Did you know they were going to use the gun for the purpose of committing any robbery?

"A. Yes, your Honor."

The urging of such groundless appeals as that in the instant case tends not only to waste the time of the courts, which is equivalent to wasting the money of the taxpayers, but also to reflect discredit upon the integrity of the legal profession.

For the foregoing reasons the judgments and orders are and each is affirmed.

Moore, P. J., and Wood, J., concurred.