[Crim. No. 3304. Second Appellate District, Division Two.—May 28, 1940.]

THE PEOPLE, Respondent, v. CHESTER HEDSPETH, Appellant.

Donald MacKay for Appellant.

Earl Warren, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

MOORE, P. J.—Defendant appeals from a judgment, after conviction by a jury of negligent homicide, as defined by section 500 of the Vehicle Code, and from an order denying his motion for a new trial. He predicates his appeal upon six

propositions, which for the purpose of this opinion, may be reduced to two: (1) That the evidence is insufficient to sustain the conviction; and (2) errors of the court in refusing certain proposed instructions while giving certain erroneous instructions.

I. It appears that on July 22, 1939, about 1:30 o'clock A. M., defendant, who was employed by the city of Los Angeles, was driving a city garbage (Chevrolet) truck, west on Washington Boulevard, east of its intersection with Alameda. At a point varying, according to the witnesses, from 200 to 334 feet east of Alameda, the defendant's truck collided with the Ford car driven by the deceased, one John D. Flanagan, who was driving easterly on Washington. Following the collision, the bed of the Chevrolet was knocked on to the north side of the boulevard while its chassis continued on, veering to the south and over through the grounds of the service station at the southeast corner of said intersection with Alameda, the defendant driver being unable to stop his truck by reason of injuries to the left wheel. Just preceding the collision, said truck of defendant was traveling at a speed of from 35 to 50 miles an hour; the Ford car was going at a speed of 15 miles per hour. Washington Boulevard, at the scene of the accident, was on a curve about 620 feet in length; it is slightly more than 40 feet in width with a soft shoulder on each side of the pavement. At the point of collision, the curve made it impossible to see more than 60 feet ahead. There was no light at the point of the impact nearer than 190 feet. The Ford car was driving on the south or right side of the boulevard while the truck had pulled over from the north to the south side of the boulevard in order to pass another motorist, just before colliding with said Ford car. The lights of the Ford car were burning although the left lamp was not expelling a brilliant beam by reason of the fact that the glass in front of the lamp was broken and the reflector was covered with a sack. Upon being struck, the Ford car was pushed around with its rear wheels off the pavement on the south side of the boulevard with the front of the car facing to the north. In the impact, said Flanagan received a compound fracture of the skull with lacerations of the brain, from which he died within a year. His blood was found to contain 14 per cent alcohol, which was sufficient to cause his intoxication.

In view of the foregoing facts, while it does not present an ideal case of harmony among the witnesses who testified, yet the evidence was ample to warrant the conviction of defendant for driving in a negligent manner in that he was driving on the wrong side, at a reckless speed, on a narrow, curved boulevard, where traffic was fairly congested even at 1:30 o'clock in the morning. Driving in such manner and under such conditions constitutes a misdemeanor. In a case of conflicting testimony of the witnesses, it is a matter for the jury and the trial court to reconcile and harmonize the testimony, and where there is sufficient evidence to support the conviction, it will not be disturbed on appeal.

II. Defendant's attacks upon the instructions of the court are as follows:

1. The court erred in refusing to instruct the jury that there must be a causal connection between the negligent manner of driving and the death which had occurred;

2. It was error to instruct the jury that the test of the criminal responsibility of the accused was his negligence without including in such test that the death was the proximate result of the injuries caused by said negligence;

3. It was error to instruct the jury that a misdemeanor is an unlawful act not amounting to a felony;

4. It was error to require the jury to determine the legal effect of the acts of the defendant;

Defendant has set forth in his brief a number of instructions which he claims to be erroneous and a number of instructions which were refused by the court. It would serve no useful purpose to include all of the rejected instructions for the reason that they are either repetitious of instructions given or they are attempts to instruct the jury that they must find a causal connection between the negligent driving of the defendant and the death of the deceased. Pursuant to section 500 of the Vehicle Code, the court instructed the jury as follows: ''The defendant is charged with the crime of negligent homicide in violation of Section 500 of the Vehicle Code, which section provides, when the death of any person ensues within one year as the proximate result of the injuries caused by the driving of any vehicle in a negligent manner or in the commission of an unlawful act not amounting to a felony, the person so operating such vehicle shall be guilty of negligent homicide.

"A misdemeanor is an unlawful act not amounting to a felony."

The court also gave the following instruction: "You are further instructed that contributory negligence of the deceased, if there be such, is no defense in this case. The test of the responsibility of the defendant in this case is, did he at the place and on or about the time charged in the information drive his automobile in a negligent manner or in a manner amounting to a misdemeanor and did such unlawful act contribute to the death of the deceased? If it did, although other independent causes also contributed, the criminal responsibility of the defendant for the death of the deceased is made out."

"Therefore, if you find from the evidence beyond a reasonable doubt that at the place and on or about the time charged in the information the defendant drove the automobile he was driving in a negligent manner, or in a manner amounting to a misdemeanor, and that the unlawful act of the defendant contributed to the death of the deceased, then it will be your duty to find the defendant guilty as charged in the information, even though you should also find that the deceased, himself, was guilty of contributory negligence and that the act of the deceased himself contributed to his own death."

The court further instructed the jury that when the death of any person ensues within one year as the proximate result of the injuries caused by the driving of any vehicle in a negligent manner or in the commission of an unlawful act not amounting to a felony "the driver of such vehicle is guilty of negligent homicide". . . . "No person shall drive a vehicle on a highway at a greater speed than is reasonable or prudent having due regard for the traffic on and the surface and width of the highway and in no event at a speed which endangers the safety of persons or property. A violation of this law is a misdemeanor. . . . Any person who drives any vehicle upon the highway in such a manner as to indicate a wilful or a wanton disregard for the safety of persons or property is guilty of reckless driving . . . a misdemeanor. . . . Approximate cause is that cause which in natural and continuous sequence unbroken by any new cause produces the result and without which the result would not have occurred. . . . If you find that Mr. Hudspeth at and immediately prior

to the time of the accident in question was operating his automobile in a careful, lawful and prudent manner and that a confusing emergency arose . . . then Mr. Hudspeth was obliged to use only that degree of care which a person of ordinary prudence would have used under such circumstances, and if he used such care, he was not negligent although you may find that some other course of conduct on his part might have avoided the accident.''

The foregoing, together with numerous stock instructions customarily given to juries in cases involving automobile collisions fairly state the law.  ■■  Instructions must be construed as a whole. Error may not be predicated upon the omission from a single instruction of some exception thereto, condition, definition or phrase which is elsewhere properly given in another portion of the charge. (*People* v. *Semone,* 140 Cal. App. 318, at 326 [35 Pac. (2d) 379].) Furthermore, an instruction defining the crime in the language of the statute is sufficient. (*People* v. *Bratton,* 125 Cal. App. 337 [14 Pac. (2d) 125] ; *People* v. *Martin,* 44 Cal. App. 45 [185 Pac. 1003].)

Under the instructions given, the jury was privileged to find from the evidence that the defendant drove his truck upon the highway at a speed greater than was reasonable or prudent in view of the traffic and the surface and the width of the highway. If he did so drive, he committed a misdemeanor. It was just such driving as that of the defendant in the manner and under the circumstances described which constitutes a misdemeanor in the contemplation of the Vehicle Code. That he might cause a collision and injury to another by reason of his negligent manner of driving was an event likely to occur and which he should have foreseen. The facts were such as would warrant the jury in finding that there was ''some measure of wantonness or flagrant or reckless disregard of the safety of others, or wilful indifference''. (*People* v. *Hurley,* 13 Cal. App. (2d) 208, 217 [56 Pac. (2d) 978].)

Defendant requested some 13 special instructions which were denied. No useful purpose would be served by including all of said instructions in this opinion. Practically all of them were covered by stock instructions and by other instructions given by the court.  ■■  Defendant proposed an instruction that the ''burden is on the people to prove beyond a reasonable

doubt that defendant was negligent and that such negligence, if any, was the proximate cause of said accident''. Such instruction would have been at variance with the instruction given by the court in conformity with the language of section 500 of the Vehicle Code. Said code section provides that a homicide is a felony when committed through the negligent driving or when done while the driver is committing a misdemeanor, if death ensued within a year from the date of the injury. But that provision contains no language indicating that the negligent driving of the accused must have operated alone to effect the injuries of the deceased.

Since the instructions given contain a fair statement of the duty of the jury with reference to the evidence in the case, any of the rejected instructions would have been supererogatory, if not erroneous.

The judgment and the order appealed from are affirmed.

Wood, J., and McComb, J., concurred.