[Crim. No. 2486.   First Dist., Div. Two.   Feb. 5, 1948.]

THE PEOPLE, Respondent, v. ARMAND KAZARIAN, Appellant.

Geo. Devine for Appellant.

Fred N. Howser, Attorney General, and Carl W. Wynkoop, Deputy Attorney General, for Respondent.

NOURSE, P. J.—The appellant was convicted on a charge of robbery.

There are only two matters raised on appeal, the first and most important being that a confession introduced in evidence was not free and voluntary.

■ Appellant contends that six officers kept the defendant in a 6 by 6-foot room for two and a half hours and interrogated him by ''third degree methods.''

We are asked to say that admission of the confession was reversible error. This we cannot do. The record (at the place referred to by appellant) indicates that the police testified that there were four of them in the room with the accused. The accused testified that Officer O'Leary was there at all times and that the other officers came in one at a time (and hence, with the stenographer, there would have been not more than three persons other than defendant in the room at one time). The evidence reasonably bears the construction that after being questioned not over one hour and fifteen minutes or one hour and a half appellant admitted his participation in the robbery and that the rest of the time was consumed in reducing the confession to typewritten form. It does not appear in the testimony of the defendant that he at any time requested presence of counsel or was refused such request.

Appellant relies heavily on *People* v. *Borello,* 161 Cal. 367 [119 P. 500, 37 L.R.A.N.S. 434], although there is no showing in the instant case, by uncontradicted evidence, of any improper conduct on the part of the police officers. In the Borello case the court refers to proven instances of improper conduct by the officers and the cases are distinguishable on this ground.

In *People* v. *Quan Gim Gow,* 23 Cal.App. 507 [138 P. 918], the defendant was a Chinese and was held on a murder charge at a time when there was a strong public feeling against the orientals. At times the defendant did not ''savey'' the interrogation. Thus there is, in the Quan Gim Gow .case, an aggravated situation in which the person in custody was in fear of the officers because of his lack of understanding of the English language and his belief that he would be treated inhumanely because of his race. These circumstances were held to have so weakened his mental resistance as to render his answers inadmissible.

In *People* v. *Dye,* 119 Cal.App. 262 [6 P.2d 313], we find the interrogation covered a period of days and that the defendant was denied counsel for almost a week, during which time he was kept incommunicado.

The evidence being in conflict the question of freedom from coercion was for the triers of the fact and their resolution of

the conflicting evidence will not be disturbed on appeal. (*People* v. *Shaffer,* 81 Cal.App. 752 [254 P. 666] and cases there cited; *People* v. *Ellis,* 33 Cal.App.2d 616 [92 P.2d 431]; *People* v. *Gerbel,* 71 Cal.App.2d 325 [162 P.2d 946].)

But the appellant goes further in saying that regardless of other evidence the admission of the confession would be prejudicial and reversible under *People* v. *Loper,* 159 Cal. 6 [112 P. 720, Ann.Cas. 1912 B 1193] (Dec. 1910) which was decided before article VI, section 4½ of the Constitution was adopted (Oct. 10, 1911). This provision vitiates the *People* v. *Loper* discussion on prejudicial error.

■ The second point raised by appellant is that the trial court erred in sustaining an objection to one question of Officer O'Leary as to whether or not the accused had, upon his arrival at the Hall of Justice, protested his innocence for a considerable period of time. The appellant has provided us with no authority on this point, nor has he established its prejudicial aspects, if error it be. But the defendant testified that he had protested his innocence—and it cannot be doubted that such protestations are expected of all accused of crime. That the accused protested innocence could have been inferred by the jury. Furthermore by pleading not guilty the defendant impliedly asserted his innocence throughout the trial. Hence, assuming that the refusal to admit the evidence were error, it does not appear that it prompted a miscarriage of justice. (Const. art. VI, § 4½.)

■ A reading of the entire record indicates that, since the jury was entitled to discredit the testimony of the defendant, there was sufficient evidence to have warranted the jury in convicting without the confession, i.e., possession of money which circumstantially connected defendant with the crime, and testimony of the witness Caro which placed appellant in the store at the time of the robbery. Mrs. Caro spoke broken English and it is claimed that her testimony was unintelligible. The record indicates that some of it was, but the portions understood and taken down by the reporter are intelligible and explicit. The fact that her evidence was not given through an interpreter was the result of an objection by counsel for co-defendant and appellant's counsel at no time suggested any unfairness in the examination of this witness in the English language.

The judgment and order appealed from are affirmed.

Goodell, J., and Dooling, J., concurred.