[Crim. No. 4192.   Second Dist., Div. Two.   May 13, 1948.]

THE PEOPLE, Respondent, v. JOHN JERRY CUCCO, Appellant.

George Stahlman for Appellant.

Fred N. Howser, Attorney General, and Howard S. Goldin, Deputy Attorney General, for Respondent.

WILSON, J.—Appellant and two others, Boulad and Mathews, were jointly charged with (1) having in their possession and (2) having transported a preparation of heroin, in violation of section 11500 of the Health and Safety Code. Defendants pleaded not guilty and waived a jury trial. The court adjudged appellant guilty as charged in both counts. Appellant made a motion for a new trial which was denied. The appeal is from the judgment and from the order denying the motion for a new trial.

While Deputy Sheriffs Hines, McKinney and Jones were sitting in an automobile near the corner of Atlantic and Whittier Boulevards a coupé approached from the west on Whittier Boulevard and defendant Boulad, who had been standing near the corner, walked into the crosswalk, stepped onto the running board of the coupé, and motioned with his

right arm. The coupé turned into Atlantic Boulevard and stopped after proceeding about a half block. The officers followed and stopped beside the coupé, which was being driven by appellant. Defendant Mathews was seated at the right-hand side and a woman named Frances was seated between the men. As the coupé stopped Boulad stepped off the running board. Officer Hines observed defendant Mathews throw a black article from the right-hand window of the coupé. Hines immediately got out of the officers' car and grabbed Mathews, who said that appellant had told him to throw the object away in the event they were stopped. Appellant made no reply to this statement.

Officer McKinney recovered the black article, which proved to be a woman's glove containing a white envelope in which were enclosed 13 packages or bindles. It was stipulated that the bindles contained heroin.

The three defendants and Frances were taken to the sheriff's substation for questioning. One of the officers testified that the statements made by the parties were all free and voluntary without hope of immunity or reward and free from threats of force or violence.

Before admitting evidence of the conversation, the court, at the request of appellant's counsel, heard testimony on *voir dire* on the question whether or not the statements of appellant were free and voluntary. Thereupon appellant testified that the conversation at the substation lasted four or five hours and was engaged in by several officers. They questioned him about the package that had been thrown from the window, about telephone calls and other matters. He refused to answer the questions. Frances, who was his fiancée, was in custody at the time. Appellant stated that after a few hours the officers told him that if he did not talk they would lock Frances up and she would not see her baby for a year; that while resting his chin on his arm one of the officers knocked his arm from the table; that he saw the officers talking with Frances and believed that she would be released if he answered the questions; that he then made his statement to the officers and Frances was released from custody. Frances gave similar testimony. Officer Hines denied that appellant was told that Frances would be locked up and that she would not see her baby for a year unless appellant talked; that no one struck or threatened appellant or knocked his arm from the table. Two other officers testified to the same effect.

Upon completion of the hearing on *voir dire* the court overruled the objection to the evidence as to the conversation. Officer Hines then testified that Boulad and Mathews made certain statements in the presence of appellant; that appellant at first refused to answer as to the truth of the statements and then said he would talk if everybody except Hines left the room. Appellant then stated to Hines that he had procured $300 from his aunt and used it to purchase a half ounce of heroin in Mexico, brought it back to Los Angeles and had it rolled into bindles; that he took the narcotic to his car and he, Frances and Mathews drove to the point where they were arrested; that he gave the glove containing the narcotic to Mathews and told him to throw it away in the event they were stopped.

Frances testified that she saw the glove in question on the night of the arrest of appellant and his codefendants, and that it quite possibly was hers. Officer Hines testified that a second black glove, similar to the one which was thrown from the car, was found in the coupé occupied by appellant, Mathews and Frances. Both gloves were introduced in evidence.

Mathews, testifying in his own behalf, stated that he was riding with appellant and Frances; that Boulad stepped on the running board and told appellant "to pull around the corner and stop," which appellant did; that within a few seconds Mathews heard appellant say, "Take it;" that without thinking he, Mathews, took the object, which he saw to be a glove with something like paper in it; that appellant said, "If we are stopped throw that out the window;" Mathews asked "What for?" Appellant replied, "Never mind asking questions, just throw it out if we are stopped;" that when the sheriff's car came alongside the coupé appellant whispered, "Throw it," and Mathews threw it. Mathews denied that he knew the contents of the glove.

Boulad testified in his own behalf. He admitted that he stepped on the running board of the coupé and said that appellant told Mathews to take a package and to throw it.

Appellant denied having given Mathews a glove, denied having told him to throw it out if anything happened, and denied knowing that there were narcotics in the car.

The foregoing statement negates appellant's contention that the evidence is insufficient to sustain the judgment.

■ Whether a confession is free and voluntary is a preliminary question to be determined by the trial court. (*People* v. *Siemsen*, 153 Cal. 387, 394 [95 P. 863] ; *People* v. *Ferdinand*, 194 Cal. 555, 567 [229 P. 341].) Where there is a conflict of evidence as to whether confessions had been freely and voluntarily made the determination of the question rests in the sound discretion of the trial judge, and if it is supported by substantial evidence his finding is binding upon a reviewing court. (*People* v. *Dolan*, 38 Cal.App.2d 96, 98 [100 P.2d 791].) The ruling of the trial court will not be disturbed on appeal unless there has been an abuse of discretion. (*People* v. *Roebling*, 14 Cal.App.2d 586, 588 [58 P.2d 929].)

■ The fact that a confession may have been made after the accused had been interrogated for many hours does not render his statements involuntary. (*People* v. *McEvers*, 53 Cal.App. 2d 448, 451 [128 P.2d 93].) When the evidence is in conflict on the question of freedom from coercion the determination of that question by the trier of facts will not be disturbed on appeal. (*People* v. *Kazarian*, 83 Cal.App.2d 471, 472 [189 P.2d 39] ; *People* v. *Shaffer*, 81 Cal.App. 752, 757 [254 P. 666] ; *Lisenba* v. *California*, 314 U.S. 219, 238 [62 S.Ct. 280, 86 L.Ed. 166].)

We find no error in the admission of appellant's confession. It may be added that the evidence concerning the movement of the coupé driven by appellant and the glove containing narcotics, together with the testimony given by appellant's codefendants Mathews and Boulad, is sufficient to sustain the judgment of conviction even if there had been no confession by appellant.

■ Appellant contends that the court erred in admitting in evidence the accusatory statement made by defendant Mathews in appellant's presence after Mathews had thrown the glove from the coupé and had been grabbed by officers. When the officer was asked to repeat Mathews' statement objection was made to the conversation and the objection was sustained. Later, when the officer was asked what Mathews said, he related Mathews' statement and, without objection from appellant, testified that appellant did not say anything in response to what Mathews had said. Objection was made after the answer had been given. The objection was overruled subject to a motion to strike. No motion to strike the evidence was made. If a witness answers so quickly that an objection cannot be made a motion to strike the answer is the proper remedy. (*People* v. *Watson*, 165 Cal. 645, 652-3 [133 P. 298] ;

*People* v. *Dong Pok Yip*, 164 Cal. 143, 149 [127 P. 1031].)
A failure to move to strike the evidence is a waiver of any
objection that might have been made to its admission. (*People*
v. *Guiterez*, 126 Cal.App. 526, 530 [14 P.2d 838] ; *People* v.
*Lewandowski*, 143 Cal. 574, 579 [77 P. 467].)

■ The final objection made by appellant is that the evi-
dence is insufficient to establish the corpus delicti of the
offense charged in the information. Aside from appellant's
confession the evidence shows that he was in possession of a
narcotic and was transporting it (Health & Saf. Code,
§ 11500) for the purpose of disposing of it to another person
or persons and that he had knowledge of the character of the
material in his possession. The trier of facts having deter-
mined the elements of the crime that were established by the
evidence it will not be set aside on appeal. (*People* v. *Bassett*,
68 Cal.App.2d 241, 246 [156 P.2d 457].) ■ Neither in-
tent nor knowledge is an element of the offense. The mere
possession is a violation of the statute and the only perfect
defense is a valid prescription under the act. (*People* v. *Ran-
dolph*, 133 Cal.App. 192, 196 [23 P.2d 777] ; *People* v.
*Sweeney*, 66 Cal.App.2d 855, 859 [153 P.2d 371].) ■ The
evidence that appellant was in possession of the glove con-
taining the narcotic and that while they were riding in the
automobile he handed the glove to Mathews with instructions
to throw it if they were stopped, supports the judgment that
he was unlawfully in possession of the heroin and that he was
transporting it in violation of the law. (*People* v. *Randolph*,
*supra*.) ■ The order of proof is within the discretion of
the trial judge and a defendant may not complain because
proof of the corpus delicti did not precede the evidence of an
admission or confession. (*People* v. *Housman*, 44 Cal.App.2d
619, 627 [112 P.2d 944] ; *People* v. *Allen*, 138 Cal.App. 652,
656-7 [33 P.2d 77] ; *People* v. *Hudson*, 139 Cal.App. 543, 545
[34 P.2d 741].)

The judgment and the order denying appellant's motion
for a new trial are and each is affirmed.

Moore, P. J., and McComb, J., concurred.