[Crim. No. 337.    Second Appellate District.—September 14, 1914.]

THE PEOPLE, Respondent, v. OTHO J. HOGE, Appellant.

CRIMINAL LAW—CONFESSION BY PRISONER—THREATS MADE OR INDUCEMENTS HELD OUT BY OFFICERS OF LAW.—A confession extorted by threats or resulting from inducements held out by the officers of the law to a prisoner in their custody is not admissible in evidence; and when a confesssion is offered in a criminal case, it is incumbent on the prosecution to lay the foundation for its introduction

by preliminary proof showing *prima facie* that it was freely and voluntarily made.

ID.—CONFESSION TO OFFICERS—ADMISSIBILITY WHEN VOLUNTARILY MADE.—But the mere fact that a person accused of crime is under arrest and in the custody of officers, and makes a confession in answer to questions, will not warrant the rejection of the confession if it fairly and clearly appears that the statements therein are of a voluntary nature.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Wm. D. Dehy, Judge presiding.

The facts are stated in the opinion of the court.

Frank A. McDonald, for Appellant.

U. S. Webb, Attorney-General, and George Beebe, Deputy Attorney-General, for Respondent.

CONREY, P. J.—Appellant herein was convicted of the crime of robbery. He appeals from the judgment and from the order denying his motion for a new trial.

If the testimony hereinafter mentioned was properly admitted, that testimony, together with the other evidence in the case, is sufficient to support the verdict. The only question requiring attention on this appeal relates to the admissibility of an alleged confession by the defendant.

According to the testimony of witnesses for the prosecution, the defendant, on the eighth day of November, 1913, was under arrest at the city jail of the city of Los Angeles charged with the offense in question. The defendant was taken to the office of the witness Flammer, the captain of detectives, and the alleged confession was made in the presence of Mr. Flammer and police officers Williams and Winn and the witness Wright, a shorthand reporter. The testimony shows that questions were asked of the defendant by Mr. Flammer and that the defendant did not hesitate in answering the questions, and that no threats or promises were made to induce him to make those answers.

The substance of the admissions made was that the defendant bought a revolver and gave it to one Kennedy and arranged with Kennedy that Kennedy would come to a room occupied by the defendant and one Cibulski and rob Cibulski, at the same

time pretending to take money from the defendant. Kennedy carried out this plan and obtained fifty dollars from Cibulski.

Flammer further testified, as witness for the defendant, that before the reporter came into the office there had been a conversation of a few minutes between the defendant and the three officers; that in that conversation the defendant "admitted that he did frame up this hold-up and had it carried out; and then he answered those questions freely. It was an ordinary conversation." That in this first conversation the defendant answered the questions freely and did not hesitate. The witness Williams, as witness for the defendant, testified that the defendant said that "he wanted to tell us all about it."

The rule is well established that a confession extorted by threats or resulting from inducements held out by the officers of the law to a prisoner in their custody is not admissible in evidence; that when such a confession is offered in a criminal case it is incumbent on the prosecution to lay the foundation for its introduction by preliminary proof showing *prima facie* that it was freely and voluntarily made. (*People* v. *Soto,* 49 Cal. 67.) But the mere fact that the defendant is under arrest and in the custody of officers and that the alleged confession is made in answer to questions, will not authorize the rejection of such confession, if it fairly and clearly appears that the statements of the defendant were of a voluntary nature. The case at bar stands in strong contrast with those of *People* v. *Quan Gim Gow,* 23 Cal. App. 507, [138 Pac. 918]; *People* v. *Borello,* 161 Cal. 367, [37 L. R. A. (N. S.) 434, 119 Pac. 500], and *People* v. *Loper,* 159 Cal. 6, [Ann. Cas. 1912B, 1193, 112 Pac. 720].

The judgment and order denying a new trial are affirmed.

James, J., and Shaw, J., concurred.