[Crim. No. 1328.  First Appellate District, Division Two.—November 16, 1926.]

## THE PEOPLE, Respondent, v. J. F. WILSON, Appellant.

[1] CRIMINAL LAW—INCEST—RAPE—SPECIFIC CHARGES—ACQUITTAL—SUBSEQUENT PROSECUTION ON DIFFERENT CHARGE — FORMER ACQUITTAL—ONCE IN JEOPARDY.—Where a defendant is charged, by indictment, with the crimes of rape and incest alleged to have been committed upon his daughter on certain specified dates, he is in jeopardy only as to the charges relating to the acts mentioned in said indictment, and his acquittal of those charges will not support a plea of former acquittal and once in jeopardy in a subsequent prosecution, by information, on a charge of incest upon his daughter upon a different date than those set forth in the prior indictment, even though evidence of the act set forth in said subsequent prosecution may have been offered in the former trial for the purpose of showing the general conduct of defendant.

[2] ID.—ONCE IN JEOPARDY—PRIOR ACQUITTAL—EVIDENCE—INSTRUCTIONS.—In such subsequent prosecution, where the defendant was given every opportunity to make proof of each of the pleas of former acquittal and once in jeopardy, but the only evidence offered demonstrated without any conflict that the former trial related to a separate and distinct crime, the trial judge properly instructed the jury to find for the state on both those issues.

[3] ID.—CONFESSION — DURESS — EVIDENCE. — In such prosecution, the evidence having shown that when defendant was arrested he fully

confessed his guilt before the district attorney and peace officers of the county and on the following morning went before the committing magistrate and pleaded guilty to the charge, but thereafter repudiated his confession and changed his plea to not guilty, and the evidence offered by defendant in support of his claim that the confession had been obtained through duress having been denied by the peace officers, the admissibility of defendant's confession was a matter for the trial judge to determine in the first instance and, in view of the conflict in the testimony, the appellate court could not say that error was committed in admitting the confession.

[4] ID.—PARENTAGE OF CHILD—EVIDENCE—WAIVER OF OBJECTION.—In such prosecution, testimony as to the parentage of the child born to the prosecutrix having been received without objection on the part of defendant, alleged error in admitting such testimony was not open to discussion on appeal.

[5] ID.—FRIENDSHIP WITH BOY ACQUAINTANCE — EVIDENCE. — In such prosecution, in which defendant was charged with the crime of incest upon his daughter, the trial court did not err in denying defendant's offer to prove that the prosecutrix was friendly with a boy of her acquaintance, the offer being for the purpose of showing the possibility of his having been the father of the child.

(1) 16 **C. J.**, p. 281, n. 95.    (2) 16 **C. J.**, p. 429, n. 71.    (3) 16 **C. J.**, p. 735, n. 31.    (4) 17 **C. J.**, p. 56, n. 16.    (5) 31 **C. J.**, p. 386, n. 13 New.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. Charles R. Barnard, Judge. Affirmed.

The facts are stated in the opinion of the court.

N. Lindsay South for Appellant.

U. S. Webb, Attorney-General, and Emery F. Mitchell for Respondent.

NOURSE, J.—Defendant was tried and convicted upon an information charging incest upon his daughter—a girl of fifteen years of age. From the judgment following the verdict and from the order denying his motion for a new trial he has appealed on a typewritten record.

On August 31, 1925, the district attorney of Fresno County filed an information against the defendant charging him with the crime of incest upon his daughter alleged to have

been committed on July 19, 1925. On September 8, 1925, this information was dismissed, without the assignment of any reason therefor, after the grand jury of the county had indicted defendant on two counts— one charging incest, the other charging rape, but both alleged to constitute different statements of the same act. On September 23, 1925, a new indictment was filed containing six counts. This indictment specified three separate criminal acts alleged to have been committed on or about January 27, 1925; July 11, 1925, and July 16, 1925. Two counts covered different statements of each act—one charging incest and the other rape. The defendant was tried on this indictment and the jury returned a verdict of acquittal. Thereafter a new information was filed against the defendant charging the crime of incest upon his daughter and specifying June 2, 1925, as the time of the commission of the criminal act. It was upon this information that the defendant was convicted.

When the defendant was brought to trial on this last information he entered three separate pleas of former acquittal, once in jeopardy, and not guilty. When the trial opened he objected to the introduction of any evidence on the part of the state upon the grounds of former acquittal and former jeopardy. This objection was overruled and evidence was taken showing defendant's guilt of the crime charged beyond a peradventure of a doubt. At the same time the state was permitted to offer evidence of numerous other acts of the same nature running over a period of two and a half or three years, including the acts of which he had been acquitted on the former trial. At the conclusion of the testimony the trial judge instructed the jury to find for the state on both of the special pleas of former acquittal and jeopardy.

On this appeal four grounds are urged by the appellant for a reversal: 1. That the trial judge should have decided the plea of former acquittal in his favor; 2. That the instruction to the jury to find for the state on the two special pleas was error; 3. That the purported confession of the appellant was inadmissible because obtained by duress; and 4. That the evidence relating to the child born to the prosecutrix was inadmissible.

[1]   1. The act of June 2, 1925, was a distinct and separate crime from the acts of January and July which were involved in the former trial and acquittal. (*People* v. *Williams,* 133 Cal. 165, 168 [65 Pac. 323]; *McCreary* v. *Commonwealth,* 163 Ky. 206 [173 S. W. 351, 355].) Though evidence of the act of June 2d may have been offered in the former trial for the purpose of showing the general conduct of the appellant, he could not have been convicted of that act in that trial because the issue was clearly drawn to the three acts specified in the indictment. His acquittal of those charges was, therefore, merely an acquittal of the three acts specified and was not a finding as to the truth of the charge covering the act of June 2d. In the former trial the appellant was in jeopardy only as to the three specific charges relating to the three separate acts mentioned in the indictment. (*State* v. *Healy,* 136 Minn. 264 [L. R. A. 1917D, 726, 161 N. W. 590, 592].) For these reasons the trial judge committed no error in refusing to sustain appellant's special pleas.

[2]   2. The appellant was given every opportunity to make proof of each of these pleas, but the only evidence offered demonstrated without any conflict that the former trial related to a separate and distinct crime and the trial judge properly instructed the jury to find for the state on both issues.

[3]   3. When the appellant was arrested he fully confessed his guilt before the district attorney and peace officers of the county and on the following morning went before the committing magistrate and pleaded guilty to the charge. Thereafter he repudiated his confession and changed his plea to not guilty. It is now argued that evidence of the confession should not have been admitted because it had been obtained through duress. The only evidence of this character is found in the testimony of the appellant to the effect that he was denied food and that one of the peace officers threatened to shoot him if he did not confess. All this testimony was denied by those present and it was further shown that on the following day one of the district attorney's deputies, at the special request of the appellant, went to the latter's cell in the county jail and there received a voluntary confession of guilt from the appellant. The admissibility of this evidence was a matter

for the trial judge to determine in the first instance and, particularly, in view of the conflict in the testimony, we find no error in his ruling.

[4] 4. Finally it is argued that the trial judge erred in admitting testimony as to the parentage of the child born to the prosecutrix. This testimony was patently damaging to the appellant, because it had previously been shown that the child was deformed and medical evidence had been received showing that such deformity was common in cases of incestuous relations. But the testimony was all received without objection on the part of the appellant and the point is not open to discussion on this appeal. [5] The appellant argues, however, that, notwithstanding this, the trial judge erred in refusing his offer to prove that the prosecutrix was friendly with a boy of her acquaintance, the offer being for the purpose of showing the possibility of his having been the father of the child. Beside the mere suggestion of the possibility of this fact, the tender was nothing more than an offer to prove that the prosecutrix might have had illicit relations with another than the appellant and was, of course, inadmissible. (*People* v. *Stratton*, 141 Cal. 604, 606 [76 Pac. 166].)

We find no error in the record.

Judgment and order affirmed.

Langdon, P. J., and Sturtevant, J., concurred.