[Crim. No. 3287. In Bank.—April 18, 1930.]

THE PEOPLE, Respondent, v. THOMAS LEHEW, Appellant.

James A. Myers, Hildebrand & Myers and Granville T. Burke for Appellant.

U. S. Webb, Attorney-General, J. Charles Jones, Deputy Attorney-General, and Lilburn I. Gibson, District Attorney, for Respondent.

WASTE, C. J.—The defendant, Thomas Lehew, was charged by information filed by the district attorney of the county of Mendocino with the murder of Teresa Johnson. The deceased, a schoolgirl about seven years of age, living with her parents near Mendocino City, was last seen alive on May 23, 1929, when she left another little girl at the forks of the road leading to their respective homes when on their way from school. She did not reach home, and a search for her resulted in the discovery, first, of her lunch pail, sweater, cap and school books, and, subsequently, of her dead body. She had been choked to death and sexually abused. Suspicion was almost immediately directed to the defendant, who was arrested and made a purported confession. On arraignment, he entered pleas of not guilty and not guilty by reason of insanity. The plea of not guilty by reason of insanity was subsequently withdrawn.

The jury returned a verdict of murder in the first degree, without recommendation. A motion for a new trial was made and denied, and the defendant was sentenced to pay the extreme penalty. From the judgment of conviction and sentence he has appealed.

The evidence points unmistakably to the appellant as the murderer of Teresa Johnson. We find it unnecessary, however, to detail the unpleasant facts and circumstances surrounding the commission of this most heinous offense, for the appellant raises no issue as to the sufficiency of the evidence to support a conviction. In his closing brief he states that he "has never urged that a new trial should be granted because of the failure of the evidence to support the verdict," and that he "has devoted no portion of his brief to a claim that the verdict cannot be sustained, on appeal, because of the insufficiency of the evidence."

In support of a reversal of the judgment the appellant urges that the trial court erred when it admitted his "alleged" confession in evidence. The confession was made in the office of the district attorney of Mendocino County on Tuesday, June 4, 1929, twelve days after the homicide, and in the presence of the district attorney, the official phonographic reporter of the county and a deputy sheriff. In response to certain interrogatories propounded by the district attorney, appellant admitted his connection with the crime. During the course of the trial, and after having satisfactorily established the *corpus delicti*, and having introduced certain other evidence tending to connect the appellant with the murder of Teresa Johnson, the prosecution called to the witness-stand the reporter who had reported in shorthand the conversation between the district attorney and the appellant, wherein the latter had admitted his guilt. In response to certain preliminary questions, this witness testified that he had reported the entire conversation in shorthand, and had subsequently transcribed his notes, and that no threats, promises or inducements had been held out to the appellant by anyone present. Counsel for the appellant then agreed, subject to an objection to the introduction in evidence of the confession, that the witness might read into the record his transcribed notes of the proceedings in the district attorney's office. The objection to the introduction of the confession was based upon the twofold ground that it had been obtained by means of threats and duress, and at a time when the appellant did not know or realize what he was doing. The appellant was thereupon granted permission by the trial court to "offer any testimony . . . on the question of whether or not the proposed conversation

or confession . . . was freely and voluntarily given." Taking the stand solely for the purpose of narrating the conditions and circumstances under which he had confessed his guilt, the appellant testified that he thought the sheriff and his deputies had drugged his food while in the county jail; that while so incarcerated he felt "dizzy and everything blurred"; that his heart pounded, his head ached and his condition grew progressively worse up until the time the confession was made; that he was unable to remember anything that happened between Sunday night, June 2d, and Wednesday, June 5th, but that he distinctly recalled the happenings of Wednesday, June 5th; that he did not recollect talking with the district attorney on Tuesday, June 4th, and confessing his guilt; that between the time of his arrest and Sunday night, June 2d, a number of threats had been made by the sheriff, and that he did not sleep for two weeks while in the county jail. On cross-examination he stated that he had never seen anyone put anything in his food or drink, but knew it to be the fact because he could taste it and smell it; that while he was constantly aware that his food and coffee were being drugged and had a peculiar effect on him, he never refused the nourishment offered him; that his mind was a complete blank between Sunday night, June 2d, and Wednesday, June 5th, and that he did not therefore recall confessing his guilt to the district attorney on June 4th or signing the purported statement introduced in evidence.

Dr. Sidney K. Smith, a specialist in nervous and mental diseases, called by the defense, testified that he had examined the appellant and found no evidence of insanity or feeble-mindedness; that there was nothing abnormal about appellant except that he was not of high-grade intellect; that he placed no credence in the appellant's belief that he had been doped or drugged while in the county jail; that a person, and particularly one of low-grade mentality, under emotional stress and strain, might reach a state of hysteria and not know what he was doing. Cross-examined, he stated that at the time he examined the appellant he found no signs of hysteria; that it would not be strange or peculiar for a man who had murdered and sexually abused a seven year old child to suffer from headaches and heart pounding; that in his opinion the appellant did not know of the con-

fession and statement above referred to and that he based his conclusion upon the appellant's childish recital of the affair and his apparent inability to recollect what had transpired between Sunday, June 2d, and Wednesday, June 5th.

In rebuttal of this evidence the prosecution called Dr. Donald R. Smith, superintendent of the state hospital, who testified that the appellant was brought to the state hospital on June 15th, and that he then had occasion to examine him; that it would be impossible for a person, under the circumstances set forth in a lengthy hypothetical question, to forget that he had made or signed a statement; that he found no evidence of a previous condition of hysteria in the appellant. On cross-examination the witness stated that in most cases it is possible to detect symptoms of hysteria in an hysterical individual, and that he found none in the appellant.

Dr. Charles E. Sisson, assistant superintendent of the state hospital, testified that he had examined the appellant between June 16th and 23d; that he found no evidence of hysteria; that the appellant had admitted to him that he remembered everything that occurred between Sunday, June 2d, and Wednesday, June 5th, but that he did not recall making a confession; that appellant's forgetfulness was "very unusual"; that on Sunday morning, June 16th, the appellant said, "Well, I guess I have talked too much already."

The sheriff and his several deputies in charge of the jail denied the making of any threats, promises or inducements, and also denied that any drug or dope had been placed in the appellant's food, drink or smoking material.

With this evidence before it, the trial court overruled the appellant's objection, and permitted the prosecution to introduce in evidence the confession made by the appellant in the office of the district attorney on the afternoon of June 4, 1929. In admitting this piece of evidence, the court took occasion to admonish the jury that it was for them ultimately to determine whether it was freely and voluntarily made. The appellant attacks the trial court's ruling admitting the confession in evidence upon the ground that "he was not possessed of sufficient mental capacity to make a voluntary confession," and that "he was suffering

from hysteria, of such a nature as to deprive him of any understanding as to the nature of the act he was doing.''

■ Whether a confession is free and voluntary is a preliminary question addressed to the trial court, and a considerable measure of discretion must be allowed that court in determining it. (*People* v. *Connelly,* 195 Cal. 584, 598 [234 Pac. 374]; *People* v. *Castello,* 194 Cal. 595, 599 [229 Pac. 855]; *People* v. *Siemsen,* 153 Cal. 387, 394 [95 Pac. 863]; *People* v. *Wilson,* 79 Cal. App. 709, 713 [250 Pac. 879].) In *People* v. *Siemsen, supra,* it is declared that the ''admissibility of such evidence so largely depends upon the special circumstances connected with the confession, that it is difficult, if not impossible, to formulate a rule that will comprehend all cases. As the question is necessarily addressed, in the first instance, to the [trial] judge, and since his discretion must be controlled by all the attendant circumstances, the courts have wisely forborne to mark with absolute precision the limits of admission and exclusion.'' The mere fact that the confession was made to a police or other officer of the law while the accused was under arrest, does not necessarily render the confession involuntary and inadmissible. So, also, the mere fact that a confession is made in answer to questions will not authorize its rejection, though the fact of its having been so obtained may be an important element in determining whether the answers were voluntary. (*People* v. *Hoge,* 25 Cal. App. 456, 458 [143 Pac. 1072]; *People* v. *Quan Gim Gow,* 23 Cal. App. 507, 512 [138 Pac. 918].) ■ A reviewing court cannot say that the trial court committed error in admitting a confession of guilt unless such error appears as a matter of law from the record presented. The trial court is clothed with considerable discretion in determining whether or not the confession was free and voluntary, and where the evidence is conflicting on the subject, it must be assumed that the testimony concerning a defendant's admissions was properly admitted. (*People* v. *Castello, supra* (at p. 600); *People* v. *Shaffer,* 81 Cal. App. 752, 756, 757 [254 Pac. 666]; *People* v. *Tugwell,* 28 Cal. App. 348 [152 Pac. 740].)

■ We are not prepared to say that the court below abused its discretion when it admitted the appellant's confession in evidence. There is ample evidence in the record,

some of which is outlined above, warranting the conclusion that it was not induced by threats, promises or inducements, but was freely and voluntarily made at a time when the appellant was in full possession of his faculties. Moreover, any evidence tending to establish that appellant was in an hysterical condition, and, perhaps, not in full possession of his faculties at the time he confessed his guilt, would not affect the admissibility in evidence of the confession itself, but would be evidence to be considered by the jury in determining the weight or effect to be given to it. (*People* v. *Miller*, 135 Cal. 69, 71, 72 [67 Pac. 12]; *People* v. *Cokahnour*, 120 Cal. 253, 254 [52 Pac. 505]; *People* v. *Elder*, 55 Cal. App. 644, 648 [204 Pac. 29].) As indicated above, the jury was admonished and instructed that it was for them to ultimately determine whether the confession was freely and voluntarily made.

It is next contended that the court below erred in refusing to give the following requested instruction: ''You are instructed that in weighing and considering any evidence that may have been submitted to you of statements purported to have been made by the defendant, adverse to his interest, you have a right and it is your duty to consider the condition of the mind of the defendant at the time of making of such alleged statements. And in this connection, I charge you that if you find from the evidence in this case that the defendant's mind was by reason of his mental weakness, if any, at the time of the making of any such statements, was in such condition that he did not know and could not appreciate what he said, it then becomes your duty, under your oaths, to disregard such statements in their entirety so far as they may tend to incriminate him.'' Without passing upon the propriety of an instruction so worded, we are of opinion that it was not error to refuse the same, because the following instruction, given by the court, sufficiently covered the subject: ''You are further instructed . . . that before you can consider any confession of the defendant as evidence against him, if you find that defendant has made a confession, you must believe that such confession was freely and voluntarily made and was not the result of inducement, coercion, intimidation, threats, promises or duress exercised by any officer of the law, or any other person over the defendant. Unless you

believe that such confession was freely and voluntarily made by the defendant *with full knowledge of its meaning and effect,* then you must disregard such confession entirely from your consideration. (Italics added.)

"I further instruct you that in considering the testimony of this case, you should view with caution all evidence, if any, of the oral admissions of the defendant made out of court." The italicized portion of the foregoing instruction very definitely informed the jury that they were to disregard the confession unless they were satisfied and believed that it was made by the appellant "with full knowledge of its meaning and effect."

Appellant's contentions being without merit, it is unnecessary to determine whether the asserted errors resulted, as urged, in a miscarriage of justice within the meaning of article VI, section 4½ of the Constitution.

The judgment is affirmed.

Curtis, J., Seawell, J., Richards, J., and Shenk, J., concurred.