[Crim. No. 2104. Second Appellate District, Division One.—November 25, 1931.]

THE PEOPLE, Respondent, v. WALTER D. PORTLOCK, Appellant.

Frederic H. Vercoe, Public Defender, and Halford R. Thomas, Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

YORK, J.—The defendant was convicted of violating section 288 of the Penal Code. He made a motion for a new trial, which motion was denied, and he now appeals to this court from the judgment of conviction and the order denying a new trial.

The defendant contends that the court erred in permitting the prosecutrix, a child five years of age, to testify after an examination was had, before the child was sworn at all.

The form of the so-called oath administered by the trial judge was insufficient under section 2094 of the Code of Civil Procedure, for the reason that, in the absence of any proof of religious scruples against taking an oath, and in the absence of any proof that the witness had any peculiar form of swearing, which she recognized as more obligatory than the prescribed oath, it must be shown that the oath was given substantially in the form required by the statute.

There was no outward manifestation of the taking of the oath. The child was probably unconscious that she was being sworn by the court, the court merely asking her the question: "Will you tell us the truth and the whole truth, and nothing but the truth?" The answer by the child was "Yes." Then the further question was asked: "Will you call on God to witness that you tell the truth?" The answer by the child was "Yes." The form of the oath required is: "You do solemnly swear (or affirm, as the case may be), that the evidence you shall give in this issue (or matter) pending between —— and ——, shall be the truth, the whole truth, and nothing but the truth, so help you God." It has not been held in any case cited to us that, if the oath leaves out the words "You do solemnly

swear'' or ''you do affirm'', the oath is sufficient. The only witness by whom could be proven the actual commission of the crime never actually had an *oath* administered to her.

The judgment and order are reversed.

Conrey, P. J., and Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 7, 1931, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 24, 1931.

Richards, J., dissented.