[Crim. No. 2559. Second Appellate District, Division Two.—January 17, 1935.]

THE PEOPLE, Respondent, v. HENRY BOYINGTON, Appellant.

Frederic H. Vercoe and William B. Neeley for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

SCOTT, J., *pro tem.*—Defendant was accused in an information in count one of murder, in count two of robbery of one Munsell and in count three of robbing one Randall. He pleaded not guilty and not guilty by reason of insanity. He was found not guilty as to count one. As to counts two and three he was found guilty, and as to each count it was found to be robbery in the first degree. On the issue of insanity he was found sane. From judgments of conviction and order denying motion for new trial defendant appeals.

As an essential element of proof as to counts' two and three the prosecution was permitted to introduce testimony of a confession which defendant is alleged to have made to the police officers. Prior to the ruling by the court on its admissibility an offer was made of proof to show mental incapacity of defendant not amounting to insanity but materially affecting the validity and force of the declarations. The offer was rejected and the statements were admitted. A further request was made on behalf of defendant that such evidence be admitted to assist the jury in determining the weight to be attached to the confession, but

it was again excluded. This ruling of the trial court was error so prejudicial to the defendant as to entitle him to a new trial.

An examination of the evidence shows, as to count two, that Munsell, a taxi driver, was held up by three men and that he did not identify defendant at the police station; as to count three, that Randall, a clergyman, was held up in his home by two men, and that he did not identify defendant as one of the perpetrators of the offense. Defendant was not seen in the company of any other person identified in either case, no stolen property from either crime was found in his possession and certain other apparent vulnerable points in the prosecution's case appear, aside from the confession.

Defendant voluntarily and alone walked into the police station and gave himself up, saying a girl had promised to marry him if he would tell the police about any crimes he had committed. The reports of the two crimes of which he was convicted were shown him and he confessed to the substance of such reports. Evidence as to defendant's mental condition, which the jury should have been permitted to consider as affecting the weight to be attached to the confession, was introduced at the trial on the issue of insanity, when three psychiatrists testified. The first, superintendent of a state hospital for the insane, said defendant was not mentally deficient, but was "constitutionally psychopathic"; that the telling of a wild, improbable story would be an indication of such a condition. Another psychiatrist testified defendant was "unstable", "irresponsible", and "a pathological liar", i. e., one who lies boastfully, for no special purpose, to impress people, and was a little more developed than a child of twelve years. The remaining expert stated that defendant was "mentally subnormal", able to reason as a person of twelve, and that "he carries forward into his adult life the reactions of childhood. All these lies he tells are mere fantasy commonly normal to children. . . . He is mentally defective, always has been. He has always lived in mental poverty." The testimony of certain lay witnesses was also available, confirming the description of defendant's mentality given by the psychiatrists. It is clear that appellant was not insane or irrational, but that he was suffering from a condition of mental inadequacy which

under the circumstances was an essential matter for the court and jury to consider in determining the weight to be attached to his statements.

In *People* v. *Goold,* 215 Cal. 763 [12 Pac. (2d) 958], testimony on behalf of defendant was offered to prove that he was at the time of making the confession so mentally deficient as to be unable to understand its meaning. It was refused on *voir dire* but was later admitted and submitted to the jury under proper instructions. The court said: "The proper foundation was laid as to the free and voluntary making of the confession, and the attack upon it upon the ground of insanity need not necessarily have preceded the reading of it. The case of *People* v. *Dias,* 210 Cal. 495 [292 Pac. 459], does not require a different order of proof from that followed here, and *the only essential fact is that ultimately the jury were permitted to consider the evidence of such incompetency* under proper instructions. (See *People* v. *Lehew,* 209 Cal. 336 [287 Pac. 337].)" (Italics ours.) ▮ Penal Code section 1026 does not preclude defendant at the trial on his plea of not guilty from offering to the court or presenting to the jury testimony as to his mental condition at the time of making a statement which is being offered in evidence against him, such testimony being for the limited purpose of enabling the court to rule on its admissibility or the jury to weigh its evidentiary value.

It is apparent that the determination by the jury as to appellant's guilt might have been affected by the testimony concerning his mental condition, which was offered and was excluded by the ruling of the trial court.

Judgments and order reversed.

Stephens, P. J., and Crail, J., concurred.