[Crim. No. 1884. First Appellate District, Division One.—June 16, 1936.]

THE PEOPLE, Respondent, v. WILLIAM ROEBLING, Appellant.

William J. Gloria for Appellant.

U. S. Webb, Attorney-General, and Scibert L. Sefton, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Defendant was charged, tried and convicted of violating section 288 of the Penal Code. Motion for a new trial was made and denied and defendant was sentenced to the state prison. He appeals from the judgment and order denying his motion for a new trial.

He first complains of the insufficiency of the evidence. In support of this contention he claims that he was convicted solely on a confession signed by him, which was neither free nor voluntary and which was obtained from him while he was in a drunken stupor. There is a conflict in the evidence

as to the drunken condition of appellant when he signed the statement. The testimony of the officer concerning his condition at that time fully justified the court in admitting the confession in evidence. The question of the admissibility of a confession is one for the exercise of judicial discretion of the trial court, and in the absence of a showing of abuse of that discretion its action will not be disturbed. Here there is no such showing. (*People* v. *Lehew*, 209 Cal. 336 [287 Pac. 337].) Moreover, the record shows that the boy upon whom the lascivious acts were perpetrated fully testified to their commission. This evidence was in itself sufficient to support the verdict. (*People* v. *Halistik*, 69 Cal. App. 174 [230 Pac. 972].)

Appellant next complains of misconduct of the trial judge. When the admission of the confession was objected to, the trial judge after an examination of the signature of defendant stated it was a ''wonderfully firm hand for a drunken man''. The remark was not addressed to the jury but was in reply to remarks made by the attorney for defendant. No objection was made to the remark of the judge and no request for an admonition to the jury to disregard it. A trial court is entitled to have its alleged transgressions called to its attention so that any possible prejudice caused thereby can be removed. (8 Cal. Jur. 510.) Moreover, in view of the constitutional amendment of 1934 a court is permitted to comment upon the facts. Another remark of the trial court is objected to as constituting misconduct. Attorney for defendant in commenting on the drunken condition of defendant when he made the confession gave a quotation from a certain author as to when a man was drunk, to which the judge replied others had said that drunken men and children tell the truth. No objection was made to the remark and no admonition to the jury to disregard it was asked. What we have said concerning the other remark of the judge here applies.

Appellant objects to a question asked by the prosecution of one of the witnesses, which it is claimed revealed the fact that defendant had been arrested but not convicted for associating with a seven-year-old girl. The question did not carry the claimed implication. An objection to the question was sustained. We fail to see that the question in any manner prejudiced the rights of defendant.

And, finally, appellant claims that the prosecutor failed to prove that the offense charged occurred on the day alleged in the information. The prosecuting witness was not sure whether the offense was committed before or after the date charged. Where time is not of the essence of the crime it may be proved that the act was committed at any time before the information and within the period of limitations. (*People* v. *Becker*, 140 Cal. App. 162 [35 Pac. (2d) 196].) Here the evidence shows that the offense was committed well within the statutory period. Moreover, at no time did defendant request the district attorney to make any election as to the particular act upon which he would rely although the boy in a general way testified to other similar acts.

The judgment and order are affirmed.

Knight, J., and Cashin, J., concurred.