[Crim. No. 369. Fourth Appellate District.—August 25, 1938.]

THE PEOPLE, Respondent, v. JOHN SPAHN, Appellant.

P. E. Bingman for Appellant.

U. S. Webb, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

THOMPSON (GORDON), J., *pro tem.*—John Spahn and one Raymond Peterson were jointly charged in an information filed by the district attorney of San Bernardino County, with the crime of robbing one C. H. Oliver of the sum of $15, and with perpetrating said robbery by means of a deadly weapon, to wit, a pistol. A second information filed charged both defendants with the crime of burglary. At the trial both defendants were acquitted of the burglary charge and Peterson was convicted of robbery with a firearm. The jury disagreed as to the codefendant Spahn. He was later retried on the robbery charge and the jury returned a verdict finding him guilty as charged. Defendant Spahn has appealed from the judgment and the order denying his motion for a new trial.

Appellant urges: (1) Insufficiency of the evidence to justify the conviction; (2) error committed by the court in the reception of evidence; and (3) error of the court in refusing to give four of appellant's requested instructions.

 The evidence discloses a meeting of the appellant and Peterson in the city of Los Angeles. Both started for Yermo, California, in a Chevrolet automobile owned by appellant. During this trip they went through Victorville, California, but did not stop. Approximately 5 o'clock in the evening they stopped at a place known as Miller's Garage. Peterson

alighted from the automobile and broke into the garage. As the proprietor arrived, Peterson dropped the articles he had taken and went to the automobile, which was driven away by appellant. At the first trial, a part of which record was read in evidence, appellant testified that he did not see Peterson break into the garage, as he had turned his head. He admitted that the only reason he turned his head was so he could not see Peterson break into the garage.

Later in the evening both Peterson and appellant drove back to Victorville where appellant parked his automobile immediately across the street from the liquor store known as the "Barrel House". Peterson entered the Barrel House and at the point of a gun robbed the proprietor of the sum of $15. There is no conflict in the evidence as to appellant and Peterson being together on the night of the robbery. There is, however, some conflict as to where the automobile was parked. Appellant testified the automobile was some distance away from the Barrel House where Peterson went to get some cigarettes. The proprietor, however, testified that the automobile was parked across the street.

Following the robbery, Peterson and appellant were apprehended in Barstow, California. Upon being questioned, appellant first denied having returned to Victorville, but later admitted that he and Peterson had returned there for the purpose of getting gasoline and groceries. He denied having parked his automobile across the street where it was observed by the proprietor of the Barrel House. Appellant was seen before the robbery was committed with Peterson, who was identified as the one who actually committed the robbery. He was near the scene of the robbery when committed. He drove Peterson from the scene. The jury was also entitled to consider the false statement made by appellant in first denying that he had returned to Victorville and then admitting that he had, together with the conduct of appellant at the time when he especially turned his head so as not to see Peterson enter the Miller garage. These were circumstances which could be considered in determining appellant's guilt. (*People* v. *Rolfe*, 61 Cal. 540.) The evidence was sufficient to support the judgment of conviction.

■ Appellant contends that the admission of the testimony of the witnesses Miller and his wife, with reference to the entry of the garage by Peterson, constituted prejudicial

error. We find no merit in this contention. Although both Peterson and appellant were acquitted of the burglary, nevertheless, this attempt was made only a few hours before the commission of the offense here involved. It was competent for the People to show that Peterson and appellant were together on the day and night in question. The fact that evidence of one offense may tend to establish the commission of another, does not render it inadmissible. (*People* v. *Nakis*, 184 Cal. 105 [193 Pac. 92].)

No argument whatsoever is submitted in support of appellant's contention relative to error of the trial court in refusing to give his requested instructions. Consequently, there is nothing presented for an appellate court to decide. (*People* v. *Foss*, 7 Cal. (2d) 669 [62 Pac. (2d) 372].)

The judgment and the order denying the motion for a new trial are affirmed.

Barnard, P. J., and Marks, J., concurred.