[Crim. No. 2143.   First Dist., Div. Two.—April 18, 1941.]

THE PEOPLE, Respondent, v. JAMES O'CONNOR, Appellant.

Raine Ewell for Appellant.

Earl Warren, Attorney-General, and David K. Lener, Deputy Attorney-General, for Respondent.

SPENCE, J.—Defendant was found guilty by a jury of a violation of section 288 of the Penal Code and a violation of section 702 of the Welfare and Institutions Code. He appeals from the judgment of conviction and from the order denying his motion for a new trial.

In his briefs, his argument is divided under seventeen numbers but there are no headings showing the nature of the questions to be presented or the points to be made. Under each of several numbers, defendant merely makes the assertion in two or three lines that the trial court erred in a certain respect but he makes no argument and cites no authority in support of such assertion. Under each of certain other numbers, it is impossible to ascertain the claim of error which defendant is attempting to present. An appellate court should not be called upon to speculate with respect to the points which an appellant desires to present and such court is ordinarily justified in ignoring bald assertions of error which are not supported by argument or citation of authority. (*People* v. *Foss*, 7 Cal. (2d) 669 [62 Pac. (2d) 372] ; *Bradley* v. *Butchart*, 217 Cal. 731 [20 Pac. (2d) 693] ; *People* v. *Spahn*, 28 Cal. App. (2d) 294 [82 Pac. (2d) 474] ; *People* v. *Epstein*, 21 Cal. App. (2d) 488 [69 Pac. (2d) 454].) We have nevertheless reviewed the record and find no prejudicial error.

A reading of the record leaves no doubt whatever concerning the guilt of the defendant. The alleged acts were

committed in the room of the defendant upon a young girl of the age of six and one-half years. He gave the child thirteen cents and told her not to tell anyone. The child immediately returned to her home crying very hard and related what had happened. A woman friend of the family asked the child to take her to the room of the man who had committed the acts and she did so. There was no response to the knock at the door of the room and the woman and child left. The police were notified and the child was immediately given a physical examination. Her private parts were found to be inflamed and irritated. Shortly thereafter the police accompanied the child and her parents to the room where the child had stated that the man had committed the acts. The defendant was identified by the child and all of the story previously told by the child to her parents and the police and later told by the child on his trial was borne out by the situation found to exist in said room. The child had previously described the clothing and underclothing worn by the defendant, the furniture in the room, the presence of a bottle of whiskey, the presence of a bottle of ''white medicine'' which was used upon her and which proved to be vaseline, and the fact that she had gotten wet and the bed had gotten wet. A wet stain was found on the sheet which was later found upon examination to contain epithcleal cells and spermatozoa. One of the officers said to the defendant on that evening ''If you had to see a woman, for goodness sakes, why did you pick out a six year old girl when there is many other women running around the streets.'' Defendant said, ''I have been drinking for the past two or three days and I don't know just what I have been doing.'' The officer said, ''That is no excuse for a thing like this'', and the defendant made no reply. It would serve no useful purpose to relate the testimony in greater detail. Defendant denied practically everything at the trial and produced certain friends in an attempt to establish an alibi and to establish his good reputation. The alibi testimony was far from convincing and the character testimony proved disastrous. It appeared from the cross-examination of the character witnesses that defendant had on various occasions discussed with them his previous criminal record.

There is but one authority cited by appellant in his brief and that is *People* v. *Portlock,* 118 Cal. App. 566 [5

Pac. (2d) 920]. That case is not in point for in the present case the trial court administered an oath to the child substantially in the form prescribed by section 2094 of the Code of Civil Procedure both before the *voir dire* examination of said child and before the child started to testify regarding the facts of the case. The transcript shows the following statement by the court, ''Doris, will you hold up your right hand for me? You solemnly swear that the evidence you are about to give in the matter now pending before this court will be the truth, the whole truth and nothing but the truth?'' Defendant states in his reply brief that respondent counsel ''does not get the nature of the first question raised by appellant''; that ''the point raised by appellant is that the trial court administered the wrong oath to the prosecutrix upon her *voir dire* examination'' and that neither the trial court nor counsel for respondent ''realizes the difference between the oath upon a *voir dire* examination and the oath that is administered under section 2094 Code of Civil Procedure to the witness''. It may be conceded that a different oath is ordinarily administered for the purpose indicated but we cannot declare that the failure to administer a different oath constituted prejudicial error in the present case.

■ Defendant apparently further claims that the *voir dire* examination did not show that the child appreciated the meaning of an oath or that she was capable of receiving just impressions or of relating them truly. While the examination of the child might well have been more fully developed along these lines, the question of the competency of the child was a question for the determination of the trial court in the exercise of a sound discretion and the trial court's determination will not be disturbed in the absence of a showing of an abuse of such discretion. (*People* v. *Morcumb*, 28 Cal. App. (2d) 465 [82 Pac. (2d) 714]; *People* v. *Freeman*, 24 Cal. App. (2d) 619 [75 Pac. (2d) 640].) We find no abuse of discretion in the present case.

■■ Defendant apparently further complains because the record shows no affirmative answer on the part of the child when the oaths were administered to her. But every presumption is in favor of the regularity of the proceedings in the trial court and it cannot be assumed that the trial court permitted the child to testify without the assent of the child to the taking of the oath having been manifested

by the nodding of her head or otherwise. We know of no authority requiring that the assent to the taking of the oath must be audibly given and defendant has cited no authority to that effect.

We find no other definite points raised by defendant and presented in such manner as to require consideration. As above indicated we are satisfied from a reading of the record that the trial court committed no prejudicial error.

The judgment and order denying the motion for a new trial are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.