[Crim. No. 2365.  First Dist., Div. Two.  Jan. 30, 1946.]

THE PEOPLE, Respondent, v. SEVERINO JACK PONGETTI, Appellant.

George W. Norris for Appellant.

Robert W. Kenny, Attorney General, David K. Lener, Deputy Attorney General, Ralph E. Hoyt, District Attorney, and Richard H. Chamberlain, Assistant District Attorney, for Respondent.

NOURSE, P. J.—The defendant was tried to a jury and convicted on six counts of an information—the first count for burglary, second degree; the second for burglary, first degree; the third for burglary, first degree, which was reduced to second degree by the court; the fourth count for assault with a deadly weapon, the fifth count for assault with a deadly weapon; and the sixth for the violation of section 2, Deadly Weapons Control Act as amended in 1931 (Stats. 1931, p. 2316; Deering's Gen. Laws, Act 1970).

The information also charged a prior conviction of burglary and the serving of a prison term thereon in California. The defendant also admitted that in 1928 he had been convicted in the State of Connecticut for auto theft, and in 1930 for a similar offense in the same state. A motion for a new trial, addressed to the third count alone was made and denied. The appeal is from the judgment and from the order denying a new trial.

The appellant does not attack the sufficiency of the evidence on any of the six counts. Briefly it appears that, with the aid of a confederate who pleaded guilty, appellant broke into a tavern on July 9, 1944, and took about $2,800 in currency and checks and a .32 automatic pistol. On August 12, 1944, the same pair broke into another tavern and took about $1,500 and a .38 caliber revolver. In both instances the safe on the premises was drilled and broken open. On December 3, 1944, the same pair sawed their way through the roof of another tavern but were frightened away when they inadvertently set off the burglar alarm. They were seen running from the premises, one carrying a heavy grip. A bystander noted the car in which they made their escape and a short time thereafter two police officers stopped them in a distant part of the city. Both men were ordered from their car and searched.

When one of the officers attempted to handcuff the men, Pongetti drew a gun from under his belt and threatened to shoot them. One of the officers shot and seriously wounded Pongetti and the other was arrested without resistance. A suit case containing burglar tools and three revolvers was found in the back of the car. One of the revolvers was that taken in the burglary charged in the second count. The gun used by appellant at the time of his arrest was the one taken in the burglary charged in the first count. In the trunk of the car was found approximately $2,300.

■ After the arrest appellant was taken to the county hospital for treatment. He was there visited by police officers who on three separate days took a confession of his guilt on all the charges in the information. Before evidence of these confessions was offered testimony was given that the confessions were made freely and voluntarily and without threats or offer of reward. The only objection made at the time was that there was no evidence ''except the testimony of this inspector'' that the confessions were free and voluntary and that some other evidence was necessary to show that they were admissible. The objection was overruled. Whether the question was submitted to the jury under appropriate instructions does not appear since the appeal was taken under rule 33(a) of the Rules on Appeal and no request to have the instructions included in the record was made under rule 33(b). This limits the question on appeal to the one consideration—whether the trial court erred in overruling the objection. And it should be made clear that such objection goes more to the weight of the evidence than to its admissibility since the testimony of one witness (the police inspector) is sufficient when not controverted.

■ The settled rule has been clearly stated in *People* v. *Lehew*, 209 Cal. 336, 341 [287 P. 337], where the Supreme Court said:

''Whether a confession is free and voluntary is a preliminary question addressed to the trial court, and a considerable measure of discretion must be allowed that court in determining it. (*People* v. *Connelly*, 195 Cal. 584, 598 [234 P. 374]; *People* v. *Castello*, 194 Cal. 595, 599 [229 P. 855]; *People* v. *Siemsen*, 153 Cal. 387, 394 [95 P. 863]; *People* v. *Wilson*, 79 Cal.App. 709, 713 [250 P. 879].) . . . The mere fact that the confession was made to a police or other officer of the law while the accused was under arrest, does not

necessarily render the confession involuntary and inadmissible. So, also, the mere fact that a confession is made in answer to questions will not authorize its rejection, though the fact of its having been so obtained may be an important element in determining whether the answers were voluntary. (*People* v. *Hoge*, 25 Cal.App. 456, 458 [143 P. 1072]; *People* v. *Quan Gim Gow*, 23 Cal.App. 507, 512 [138 P. 918].) A reviewing court cannot say that the trial court committed error in admitting a confession of guilt unless such error appears as a matter of law from the record presented. The trial court is clothed with considerable discretion in determining whether or not the confession was free and voluntary, and where the evidence is conflicting on the subject, it must be assumed that the testimony concerning a defendant's admissions was properly admitted. (*People* v. *Castello, supra,* (at p. 600); *People* v. *Shaffer*, 81 Cal.App. 752, 756, 757 [254 P. 666]; *People* v. *Tugwell*, 28 Cal.App. 348 [152 P. 740].)''

The appellant makes the further point that he was not given the benefit of counsel at the time the confessions were made. No objection was made on that score to the admission of the evidence of the confessions. The point is raised here for the first time and the argument is that the facts demonstrate that the confessions were not voluntary. The point is without merit. It is answered in *People* v. *Hoyt*, 20 Cal.2d 306, 314 [125 P.2d 29], where the Supreme Court said: ''The free and voluntary nature of the statements was testified to by the police officers present when they were taken. Hoyt's challenge that his statement or confession was improperly admitted in evidence because initially he was not apprised of his right to counsel, of his right to remain silent if he desired, and that his statements could be used against him, lacks merit. The contention is answered in *People* v. *Booth*, 72 Cal.App. 160 [236 P. 987], and in *People* v. *Ramirez*, 113 Cal.App. 204 [298 P. 60], wherein it is held that such matters do not render the statement involuntary and inadmissible.'' We find no error in the record.

The judgment and the order are affirmed.

Goodell, J., and Dooling, J., concurred.