[Crim. No. 2212.   Third Dist.   Mar. 30, 1951.]

THE PEOPLE, Respondent, v. OTTO KENNETH SANDERS, Appellant.

John Charles Henderson for Appellant.

Edmund J. Brown, Attorney General, and C. J. Scott, Assistant Attorney General, for Respondent.

VAN DYKE, J.—Appellant, Otto Kenneth Sanders, was accused by the grand jury of Solano County of the crime of incest charged to have been committed as follows: Appellant on May 22, 1949, within Solano County, did "knowingly and incestuously have sexual intercourse with . . ., the daugh-

ter'' of appellant. To this charge he pleaded not guilty and upon trial to a jury was convicted. He makes no contention that the evidence was not sufficient to support the verdict.

It appears in the evidence that, some four months prior to his conviction under the indictment, he had been informed against for the crime of incest upon the same minor daughter, the act being alleged to have occurred on June 5, 1949, and that when put to trial upon that charge the minor daughter and her mother repudiated their former testimony at the preliminary examination, with the result that the action was dismissed on motion of the district attorney. Appellant now asserts that he has been twice put in jeopardy for the same offense. He claims in his briefs that in respect of the charge now before the court he entered pleas of former acquittal and former jeopardy, but the record does not disclose the entry of such pleas. We will, however, assume that such pleas were entered. Upon that foundation appellant urges that the crime of incest is a continuing offense and the prosecution may not try a person for an act of incestuous intercourse antedating a similar act of which he has been previously acquitted. The contention is without merit. A similar contention was made in the case of *People* v. *Lachuk*, 5 Cal.App.2d 729, 731 [43 P.2d 579]. The court there said:

''Assuming that the record shows that defendant had been previously acquitted of charges of rape and of incest alleged to have been committed on July 18, 1934, still it cannot be said that a subsequent charge of the same nature on other dates would constitute double jeopardy. The acts of June 20, 1934, and of July 27, 1934, charged in the second information, were distinct and separate crimes from the acts of July 18, 1934, involved in such former trial. The acquittal of defendant of the latter acts was not a finding as to the truth of the charges covering the acts of June 20, 1934, and of July 27, 1934, even if evidence of these latter acts had been used at the former trial. (*People* v. *Wilson*, 79 Cal.App. 709 [250 P. 879].)''

See, also, 27 American Jurisprudence, page 293, where the following statement is made:

''. . . However, an acquittal on trial of one indictment for incest is not a bar to prosecution on another indictment for incest with the same female, upon other dates.''

The judgment is affirmed.

Adams, P. J., and Deirup, J. pro tem., concurred.