[Crim. No. 5985.   Second Dist., Div. Two.   Jan. 13, 1958.]

THE PEOPLE, Respondent, v. LEWIS HUSTON,
Appellant.

Benjamin D. Brown, for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

ASHBURN, J.—Convicted of violation (1) of section 288, Penal Code, commission of lewd and lascivious acts upon a 10-year-old girl, and (2) of section 288a, Penal Code, cunnilingus (defined in 25 C.J.S., p. 28), defendant appeals from the judgment and the order denying his motion for a new trial. He was also charged with and admitted a prior conviction and imprisonment for violation of section 288. Appellant was adjudged a potential sexual psychopath and committed to Atascadero State Hospital for observation, with the result that the superintendent and medical director reported that he is a sexual psychopath who would not benefit by treatment in a state hospital and who is a menace to the health and safety of others. Probation was denied and defendant sentenced to prison for the term prescribed by law, the sentences to run concurrently.

Appellant attacks the sufficiency of the evidence to support the conviction upon the ground that the testimony of the victim, the 10-year-old girl, is inherently improbable. This argument will not lie except where there exists "either a physical impossibility that they [the witness' statements] are true, or their falsity [is] apparent without resorting to inferences or deductions." (*People* v. *Huston*, 21 Cal. 2d 690, 693 [134 P.2d 758].) So far as physical impossibility is concerned, counsel would have us take judicial

notice of matters that are best determined by the composite knowledge and experience of 12 jurors. That we cannot do. In other respects the argument invites us to weigh inferences in disregard of the rule of *People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778], which requires a court of review to " 'assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict.' If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury." The testimony of the complaining witness in a case of this kind does not require corroboration. (*People* v. *Westek*, 31 Cal.2d 469, 473 [190 P.2d 9]; *People* v. *Wilder*, 151 Cal.App.2d 698, 705 [312 P.2d 425].) There appears to be no substantiality to the claim of insufficiency of the evidence.

It is argued that there was prejudicial error in the receipt of evidence of similar offenses committed upon another girl 12 years of age. This grows out of the fact that the amended information upon which defendant was tried charged three crimes relating to Bertha and a fourth count alleging violation of section 288, Penal Code, with respect to one Barbara. Defendant was acquitted of the last mentioned charge. The argument is: "The defense could not object to the testimony when given because the witness was the prosecutrix of Count IV of the complaint. However, defendant was acquitted of Count IV. Thus the admission of the evidence became improper and prejudicial error." If the evidence was not erroneously received it could not possibly become so through the jury's finding that it was not credible. Moreover, there was no objection to it when offered, and no subsequent motion to strike. What, if any, jury instruction was requested or given in that connection does not appear from the record. It is settled law that the fact of acquittal of another crime does not render proof of same inadmissible where it is otherwise competent. (*People* v. *Lachuk*, 5 Cal.App.2d 729 731 [43 P.2d 579] ; *People* v. *Spahn*, 28 Cal.App.2d 294, 296-297 [82 P.2d 474] ; *People* v. *Raleigh*, 83 Cal.App.2d 435, 442 [189 P.2d 70] ; *People* v. *Fox*, 126 Cal.App.2d 560, 569 [272 P.2d 832].) By analogy these cases are applicable here,

It is true that the dates of the offenses were not accurately

fixed, but it is shown by defense evidence, as well as that of the prosecution, that they occurred in 1955. The information was filed in April, 1956, and the trial held in October of that year. ▮ The language of *People* v. *Becker*, 140 Cal.App. 162, 164 [35 P.2d 196], is apposite: "The testimony shows that the felonious acts were committed, and specific acts were proved, several weeks prior to the dates alleged in the information. In these circumstances the variance as to dates would not be material unless defendant is misled in making his defense or placed in danger of being twice in jeopardy (*People* v. *Harrington*, 92 Cal.App. 245 [267 P. 942]); and taking into consideration the proof in this case it appears that there was not such a material variance. In this connection the trial court properly gave the following instruction: 'It is wholly immaterial on what day or night the offense charged in any particular count of the information was committed, provided you believe from the evidence that the precise offense charged in that particular count of the information was committed and that the same was committed within three years prior to the filing of the information in this case.' " (See also *People* v. *Roebling*, 14 Cal.App.2d 586, 589 [58 P.2d 929]; *People* v. *Moranda*, 87 Cal.App.2d 703, 705 [197 P.2d 394]; *People* v. *Allington*, 103 Cal.App.2d Supp. 911, 913 [229 P.2d 495]; *People* v. *Barnett*, 27 Cal.2d 649, 658 [166 P.2d 4].)

The claim that the conduct of the judge and of the prosecutor was such as to be prejudicial to defendant's rights carries various specifications. All have been examined and found to be without merit. Detailed discussion is unnecessary. The defendant had a fair trial.

Judgment and order denying new trial affirmed.

Fox, Acting P. J., and Kincaid, J. pro tem.,* concurred.

A petition for a rehearing was denied January 23, 1958, and appellant's petition for a hearing by the Supreme Court was denied March 12, 1958.

---

*Assigned by Chairman of Judicial Council.