[Crim. No. 8378. Second Dist., Div. Four. Oct. 8, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. HERSHLEY JONES, Defendant and Appellant.

38

Bertram H. Ross, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Charles A. Collins, Deputy Attor-

ney General for Plaintiff and Respondent.

BURKE, P. J.—Defendant appeals from a judgment of conviction of two counts of second degree burglary. ▮▮▮ He predicates his appeal upon the inadmissibility of an allegedly coerced confession, and asserts the duty of this court to determine independently the voluntary nature of such confession.

Certain commercial establishments were burglarized and spark plugs, radios, money, mirrors and other personal property were stolen. Investigating officers located some of the stolen property at the home of defendant's parents, some spark plugs having been found under a bed in the house and truck mirrors in a small shed in their backyard. The parents denied knowing where the items came from but stated that defendant had been there earlier that day. The officers removed the property and placed the parents under arrest. They then proceeded to defendant's residence, more than 20 blocks away. They found the defendant already in custody of two police officers in a parking lot adjacent to his residence.

The officers asked defendant to permit them to search his residence and although he complained about their lack of a search warrant he consented to their entry. Additional property believed to have been stolen was found in the house and defendant and his wife were arrested. Defendant was taken to the police station alone in a police car separate from the others. When being led to the interrogation room in the police station he saw his mother, father and wife sitting on a bench in the hall.

Defendant was questioned at length by the officers and finally related the circumstances in detail of the two burglaries, signing a confession that had been written out for him by one of the officers present at the interrogation. After the confession had been signed, defendant was confronted with his parents and wife and was asked in their presence if they had anything to do with the burglaries. He stated that they did not, whereupon they were released and were returned to their homes by one of the officers. They had not been booked.

There is a conflict in the evidence with respect to the circumstances attending the interrogation of defendant. Dedendant claims that the officers stated, in effect, that if he would not give them the detailed information regarding the burglaries they would imprison his parents. The officers deny making such assertion. They testified they informed defendant they had arrested the parents because the latter had pos-

session of stolen property and that they made no threats or promises to defendant. They admitted stating to defendant that they had evidence of many other burglaries in which they thought defendant was involved. Defendant claims they offered him immunity from any other charges if he would accept responsibility for the two burglaries.

■ Defendant contends that the taking of his parents to his home where he could see them in a patrol car, and the subsequent seating of them with his wife in the hall of the police station where they would be seen as he arrived, constituted a calculated method of exerting psychological pressure upon him. Such a contention is fanciful. It is more logical to assume that the arrests were made simultaneously to remove the chance of concealment of stolen property or of avoiding arrest. With stolen property being found in both dwellings it was sound police practice to bring all occupants of the premises to the station for interrogation.

■ Confessions obtained as a result of physical abuse or psychological torture are inadmissible as violative of due process. (*People* v. *Williams*, 20 Cal.2d 273 [125 P.2d 9].) ■ What amounts to compulsion is a matter of fact and in some instances the slightest pressure, whether by way of inducement or threats, has been held sufficient to require exclusion of the confession. (*People* v. *Siemsen*, 153 Cal. 387, 394 [95 P. 863].) ■ The facts vary and differ in degree in each case and it has been held that threats to hold the accused's close relatives (*People* v. *Mellus*, 134 Cal.App. 219 [25 P.2d 237]) are sufficient to render a confession inadmissible. It is also the law, however, that where a confession is freely and voluntarily made it is not rendered inadmissible just because defendant's motive may have been to release a close relative who is also under arrest. (*People* v. *Smalling*, 94 Cal. 112 [29 P. 421].)

An experienced trier of facts did not regard the evidence as indicating coercion and admitted the confession. There is nothing in the record which would warrant this court's disturbing that decision. ■ " 'A reviewing court cannot say that the trial court committed error in admitting a confession of guilt unless such error appears as a matter of law from the record presented.' " (*People* v. *Pongetti*, 72 Cal. App.2d 749, 752 [165 P.2d 479].)

■ Defendant contends that it is the duty of this court to determine independently whether the confession was freely and voluntarily made, citing *People* v. *Rand*, 202 Cal.App.2d

668, 674 [21 Cal.Rptr. 89]. However, the court in *Rand* pointed out that such duty is "to examine the uncontradicted facts ... in order to determine independently whether the statement made by the defendant was voluntary."

In *Rand* it was admitted that the officer had stated to defendant that he was going to arrest defendant's wife and family for possession of the narcotics found in defendant's apartment since defendant denied any knowledge of them; the confession thereupon followed. Here, defendant's parents were arrested at one location while the police were arresting defendant and his wife. There was no threat of arrest of the parents or wife if he would not confess since the arrests occurred before any confession by defendant. The officers informed defendant of the arrest of his parents and of the recovery of stolen property at their home. The officer testified defendant told him he had been there that day and left some property at that location. The release of the parents and wife upon defendant's statement to the officers that they had nothing to do with the thefts did not cast any doubt as to the voluntariness of the confession. Such conflict as existed in the testimony concerning voluntariness of the confession was resolved by the trial court against defendant. It is not the function of this court to reweigh the conflicting evidence. (*People* v. *Baldwin,* 42 Cal.2d 858, 867 [270 P.2d 1028].)

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 4, 1963.