**Kirby J. HENSLEY,
Petitioner-Appellee,**

v.

**MUNICIPAL COURT, SAN JOSE–MIL-PITAS JUDICIAL DISTRICT, COUNTY OF SANTA CLARA, CALIFORNIA, Respondent-Appellant.**

No. 74–2616.

United States Court of Appeals,
Ninth Circuit.

July 3, 1975.

Dennis Alan Lempert, Deputy Dist. Atty., San Jose, Cal., for respondent-appellant.

Peter R. Stromer, San Jose, Cal., for petitioner-appellee.

OPINION

Before CARTER, GOODWIN and KENNEDY, Circuit Judges.

PER CURIAM:

This case has a long history. Hensley was convicted of a misdemeanor in a California Municipal Court of a violation of § 29007 of the California Educational Code (awarding Doctor of Divinity degrees without obtaining the necessary accreditation). He was sentenced to one year and fined $625.00. On his appeal to the Appellate Department of the California Superior Court, the conviction was affirmed. Following his conviction and sentence he was enlarged on his own recognizance under an order staying execution of his sentence.

Hensley exhausted available state remedies and then petitioned the United States District Court for a writ of habeas corpus. The district court held that since he was on his own recognizance he was not in custody for the purposes of the habeas corpus statute.

On appeal to this court we affirmed, *Hensley v. Municipal Court*, 9 Cir., 453 F.2d 1252 (1972), on the basis of prior authority in this circuit and the fact that the Supreme Court had not spoken directly on the issue.

The Supreme Court reversed the circuit, *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), holding that Hensley was in custody and remanded to the district court to consider the habeas petition.

The district court conducted an evidentiary hearing and then granted the writ, set aside the conviction and released Hensley from custody. *Hensley v. Municipal Court*, 365 F.Supp. 373 (N.D.Calif. 1973). The case is again before us on appeal from that order.

We adopt the portion of the opinion below holding that the reopening of Hensley's case subsequent to an indefinite stay, and the ensuing trial and conviction in Hensley's absence violated his rights to due process.

Because Hensley's state conviction was properly found to be defective on due process grounds, we do not reach the question of double jeopardy. We ex-

press no opinion on the district court's discussion of double jeopardy; we reserve the question until it is necessary to decide it. It is entirely possible that if California elects to proceed against Hensley in the future, it will start afresh with a new case, and the question will not arise. *See, e. g., People v. Sanders*, 103 Cal.App.2d 200, 229 P.2d 76 (1951).

Affirmed.